Darrell Banks and Diane Banks Spurlock were divorced on February 24, 1982. By the decree, the father was ordered to pay $350 per month as child support. In June 1982, while still current on his payments, the father petitioned the trial court to modify the decree and reduce his child support payment obligation. At the time, he had just lost his job. The hearing was held in March 1983, and by that time the father was well in arrears. His petition was denied. The trial court found him in contempt and ordered him to satisfy the $2,800 arrearage in ninety days or submit a written report of his financial conditions, his efforts to obtain employment and a proposal on satisfying the obligation. On November 1, 1983, the court again found the father in contempt. He was sentenced to punishment by incarceration, which was suspended pending the court's review of the father's compliance with further mandates of the court. The court further ordered the father to pay into the court $120 per week in order to extinguish the arrearage which was by then $4,598. At the time, the father was receiving $120 per week in unemployment compensation. He paid into court his entire compensation until the benefits were expended. On June 6, 1984, the father again filed a petition to modify. He alleged that he had been unemployed since the last order and that his unemployment compensation had ceased. As such he claimed to have no income, no assets, not even an automobile and to be dependent on his new wife's income. An ore tenus hearing was held August 20, 1984. By the time of the hearing, the father had obtained some employment, but at a salary less than he enjoyed at the time of the original order. The trial court held that:
 1. The father's child support obligation is not reduced and thus the arrearage continues to increase,
2. The father remains in contempt,
 3. The father is to file a monthly financial report with the court, *Page 1302 
4. The father is to pay into the court each week 40% of his net income but not less than $50 each week, and not more than $120 each week.
The father appeals from this order, contending the trial court abused its discretion.
It is well settled that the determination of the amount of child support rests within the sound discretion of the trial court. Hall v. Hall, 391 So.2d 122 (Ala.Civ.App. 1980). The trial court's denial of a modification of child support will not be reversed on appeal unless this discretion is abused.Murphree v. Murphree, 366 So.2d 1132 (Ala.Civ.App. 1979);Mencer v. Mencer, 277 Ala. 679, 174 So.2d 319 (1965).
The most important factor in considering the modification of a child support decree is whether there has been a material change in the circumstances of the parent or the child. Sansomv. Sansom, 409 So.2d 430 (Ala.Civ.App. 1981). The latter factor must be weighed against the parents' ability to respond to the child's need. Ex parte Boley, 392 So.2d 840 (Ala. 1981).
The parties to this case had two children during their marriage. One of them suffers from a congenital adrenal dysfunction that requires constant medical treatment. This situation has not changed since the parties' divorce. However, the father's ability to meet that need has changed drastically since that time. At the time of the divorce, the father had worked nine years at the 3M plant in Decatur, Alabama. That job included substantial pay and benefits. In June 1982, he was fired. As a result it was difficult to obtain new employment. Around the first of July, 1984, the father finally obtained full-time employment. His average net income is now $120 per week. He still does not own an automobile, but pays for a ride to work.
In reviewing the order of the trial court, we find support for the weekly payment requirement of between $50 and $120. This is reasonably within the means of the father's financial ability. Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854 (1966);Travis v. Travis, 345 So.2d 321 (Ala.Civ.App. 1977). However, we find the continued accrual of $350 per month to be an abuse of discretion. This order has been continued in effect until several thousand dollars indebtedness has accrued. The accrual has occurred in spite of apparent undisputed showing that the father lacked the financial means of meeting such payments. He has been held in contempt three times in the face of such evidence. However, this is the first time appellate review has been sought of such holdings. In fact, the continued finding of contempt is not brought for review at this time.
This court is fully cognizant of the difficulty in securing payment of ordered alimony and child support often encountered by the trial court. However, our appellate courts have many times declared that orders of the trial court must be supported by legal evidence. Masucci v. Masucci, 435 So.2d 120
(Ala.Civ.App. 1983); Smith v. Smith, 429 So.2d 1080
(Ala.Civ.App. 1983). A parent is entitled, upon petition for modification, to be relieved from an order of payment of child support if the evidence undisputedly shows he or she is without the financial means of complying. To refuse such petition, requiring accumulation into final judgment, in spite of proven inability to pay, is an abuse of discretion, and this court is bound to declare it so. We do so declare in this case.
As the portion of the trial court's decree (paragraph (4)) relates to payment upon the accumulated arrearage and is not a modification of the original judgment of child support, we find it must also be set aside. Therefore, the judgment below must be reversed for an abuse of discretion in refusing modification. The case is remanded for a determination, based upon the evidence, of the amount of child support the father is able to pay from his present income. We would comment that the amounts set out in paragraph (4) of the court's decree would appear supported by the evidence for that purpose. *Page 1303 
In light of the evidence, it is clear that the father is financially unable to contribute to payment of an attorney's fee on appeal. We therefore must deny the request of the mother for an attorney's fee.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.