This is a divorce modification case.
The parties were divorced in Kentucky in 1983 after a marriage of approximately six years and the birth of a daughter. Subsequently, the wife remarried and moved to Alabama, where she successfully sought a modification of the Kentucky divorce decree. By such modification on April 4, 1985, the husband's support obligation was increased by five dollars to sixty-five dollars per week, and he was required to name the parties' child as the beneficiary on all life insurance policies existing on his life during the child's minority. The husband's summer visitation privileges were also decreased from seven to six weeks.
The present appeal arises from concurrent motions filed in the trial court by the husband. By a motion to modify, he sought to reduce temporarily his child support obligation, limit the amount of life insurance for which the child would be the beneficiary, and increase his visitation privileges. By a motion for rule nisi, the husband sought to hold the wife in contempt for allegedly violating his 1985 summer visitation privileges.
The trial court denied both of the husband's motions. The husband, through able counsel, appeals to this court. We affirm.
 I
The husband sought to reduce temporarily his child support obligation due to his unemployment. At the time of the oretenus hearing on the husband's motions, he had been unemployed for approximately seven months. The husband had apparently quit his job of some eight years due to "friction" with his employer, the wife's father. He had been seeking other employment and had submitted his name to two employment agencies.
In determining the amount of child support to award, the trial court should consider the needs of the child and the paying parent's ability to pay. Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985); Golson v. Golson, 471 So.2d 426
(Ala.Civ.App. 1985); Mansell v. Mansell, 437 So.2d 588
(Ala.Civ.App. 1983).
Similarly, in determining whether to modify child support, the trial court must consider whether there has been a material change in the circumstances of the parent or child, and the court should continue to consider the parent's ability to respond to the child's needs. See Banks v. Spurlock,470 So.2d 1300 (Ala.Civ.App. 1985).
The facts of this case present a very close question as to whether the husband's child support obligations should be temporarily reduced. There is probably evidence which would support such a modification by the trial court. This court's function on appeal, however, is not to reweigh the evidence or to substitute our judgment for that of the trial court.
The determination of the amount of child support to award is a matter within the sound discretion of the trial court,Brannon, 477 So.2d at 446; Golson, 471 So.2d at 429, and its denial of a modification of such support will not be reversed on appeal unless there has been an abuse of such discretion.Porter v. Porter, 477 So.2d 433 (Ala.Civ.App. 1985); Banks, 470 So.2d at 1302.
We cannot say that the trial court abused its discretion in refusing to modify the husband's child support obligation. He had been unemployed for only seven months, cf. Banks, 470 So.2d at 1302, and was actively seeking employment. Moreover, although he had not made all of his support payments on time, the evidence showed that he was not in arrears as to any of those payments. We would also note that there is little, if any, evidence regarding the husband's job skills. The trial court could have reasonably concluded that the husband continued to have the ability to respond to his daughter's support needs and that his motion to modify *Page 107 
his support obligations was due to be denied.
The husband further contends that the trial court erred in not granting his petition to modify so as to return to him certain visitation privileges he enjoyed under the Kentucky decree. Specifically, he sought visitation privileges during spring break and Christmas vacation. Such matters were not addressed by the trial court when it modified the Kentucky decree on April 4, 1985, and the husband apparently believes that he no longer has such visitation privileges.
It would appear to this court, however, that all visitation privileges not modified or otherwise addressed by the trial court in its April 4, 1985, order remain in effect under prior court decrees.
Finally, the husband argues that the trial court erred in not granting his motion to modify so as to limit the amount of life insurance for which the child is the beneficiary to $25,000. The husband cites no authority to this court in support of this contention, and we, therefore, do not address it. See Hendersonv. Alabama A M University, 483 So.2d 392 (Ala. 1986).
 II
Our review of the denial of the husband's motion for rulenisi is by way of certiorari. On certiorari our review is limited to questions of law. The weight and sufficiency of the evidence is not reviewable by this court. Rather, we look only to whether there is any evidence to support the trial court's determination. Graham v. Graham, 481 So.2d 903 (Ala.Civ.App. 1985); Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App.), cert.denied, 376 So.2d 1099 (Ala. 1979).
We find ample evidence to support the trial court's decision that the wife should not be held in contempt. The husband testified that his attorney informed the wife by letter of the date upon which the husband wished to exercise his 1985 summer visitation with the child. Subsequently, the husband mailed a one-way plane ticket for the child's transportation from Mobile, Alabama, to Louisville, Kentucky, where the husband would pick up the child. The wife refused to allow the child, who was only six years of age, to travel to Louisville alone. Apparently, the husband did not offer to accompany the child on the plane or to pick up the child and drive her to his home in Indiana.
The husband testified that he made arrangements with the airline to accompany the child on the flight and that he was assured that she "would be accompanied and would arrive at the destination in their care." Despite the husband's efforts to ensure a safe flight for the child, however, it was undisputed that she would incur at least a one-hour layover in Atlanta.
In view of this fact and the tender age of the child, the trial court could reasonably conclude that the wife had not violated the husband's summer visitation privileges and that she should not be held in contempt.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.