This is a child dependency and custody case.
Following ore tenus proceedings, the Juvenile Court of Jefferson County determined that the sixteen-year-old male child was a child in need of supervision (CHINS) and a dependent child. The juvenile court, following a dispositional hearing, placed custody of the child with Richard and Sarah Bailey, who are the parents of a friend of the child and who had intervened in the case.
The parents, through able counsel, appeal, alleging numerous grounds for reversal. We affirm in part and reverse and remand in part.
The parents initiated this case by filing a CHINS petition in December 1985. Approximately five months earlier, the child had run away from home following a violent altercation with his father. Thereafter, he had resided with the Baileys. The parents had apparently attempted to persuade him to return home, and, when he did not do so, they filed the CHINS petition.
 I
At the outset we note that the parents have attempted to characterize this case as one in which their parental rights have been terminated because custody was awarded to the Baileys. Such a characterization is simply incorrect. The juvenile court's judgment of January 13, 1986, makes it quite clear that the parents' parental rights have not been terminated because it orders the parents and the child to resume counseling. No mention is made of any termination of the parents' rights.
Because this case is not one involving the termination of parental rights, the parents' contention on appeal that such termination violated their due process and other constitutional rights is without merit. Similarly, their contention that the juvenile court's judgment must be reversed because there was not clear and convincing evidence that the parents were unfit is an attempt to apply inappropriate standards to this case.
Whether the parents are unfit or not would be a determination necessary for termination of their parental rights.See Ala. Code (1975), § 26-18-7. Such a determination, however, is not necessary in a case such as this one in which the juvenile court makes a disposition following a finding that the child is dependent, as well as in need of supervision. Moreover, this case is not simply a custody dispute between parents and nonparents. Thus, the parents' reliance upon Exparte Terry, 494 So.2d 628 (Ala. 1986), is misplaced.
The primary issue before this court is whether there is clear and convincing evidence to support the determination by the juvenile court that the child is in need of supervision and that he is dependent. Ala. Code (1975), § 12-15-65(e). Our review *Page 292 
of the record shows that there is such evidence.
The juvenile court found that the child was in need of supervision under Ala. Code (1975), § 12-15-1(4)(b), i.e., that he had disobeyed the reasonable and lawful demands of his parents and was beyond their control. We think the evidence amply supports this determination.
Following the altercation with his father, the child "ran away" to the Baileys and refused to return home to live, as the parents demanded. Under such circumstances we find no error in the juvenile court's CHINS determination.
We think the evidence also clearly supports the juvenile court's determination that the child was dependent under Ala. Code (1975), § 12-15-1(10)(j). Under this statute a child is dependent if he "is physically, mentally or emotionally abused by his parents . . . or . . . is without proper parental care and control necessary for his well-being because of the faults or habits of his parents. . . ."
The record reveals that the child and his parents have encountered some of the same problems that many teenagers and their parents encounter when the teenagers seek to widen the scope of their freedom and the parents attempt to enforce discipline. In addition, however, there was evidence that the father had hit the child and his younger brother in the face. The father has also made statements to the child threatening physical punishment. Dr. Donald Wendorf, a clinical psychologist, who had counseled with both the child and his parents, testified that some of these "episodes . . . could be described as emotionally abusive." Dr. Wendorf stated that the child had expressed his "concern about the physical confrontations with his father."
We note that the father has married and divorced three different women for a total of five marriages and four divorces over the course of the child's life. There was evidence that the father and his current wife have experienced marital difficulties and have engaged in physically violent arguments while the children were in the home. They were divorced for approximately two months in the fall of 1984.
There was also evidence that the father does not enjoy a good relationship with his own parents and has sought to cut off the child's relationship with them. Dr. Wendorf opined that the conflict between the child and the father is related to problems that the father experienced with his own father and feelings of vulnerability and rejection.
There is other evidence to support the juvenile court's determination, but we deem it unnecessary to the resolution of this appeal to detail such evidence.
We think that the evidence clearly and convincingly supports the juvenile court's determination of dependency. We disagree with the parents' contention that the dependency determination is inherently inconsistent with its CHINS determination. The fact that the child refused his parents' demand that he return home after "running away" supports the conclusion that he is in need of supervision. That conclusion does not conflict with the finding that the child is also dependent due to his parents' physical, mental, or emotional abuse. Moreover, the finding that the child required supervision supports a determination of dependency based upon the totality of the circumstances presented to the juvenile court. See Ala. Code (1975), § 12-15-1(10)(m); Carter v. Jefferson County Department ofPensions Security, 469 So.2d 66 (Ala.Civ.App. 1986).
Having determined by clear and convincing evidence that the child was dependent and in need of supervision, the juvenile court was then authorized to make a disposition of the case. Ala. Code (1975), § 12-15-65(e). Its disposition was to place custody of the child with the Baileys. In so doing, the parents contend that the juvenile court abused its discretion. We disagree.
Disposition in cases such as the present one is governed by Ala. Code (1975), § 12-15-71(a), for a dependent child and § 12-15-71(c) for a CHINS. In either case, the juvenile court has several options open to *Page 293 
it. One option is to transfer custody to a "relative or other individual who, after study [by the Department of Pensions and Security or by probation services] is found by the court to be qualified to receive and care for the child." Ala. Code (1975), § 12-15-71(a)(3)c. and (c)(3)d.
The record reflects that a probation officer employed by the Jefferson County Family, or Juvenile, Court investigated the Baileys' home and prepared a report. The officer concluded that the home met all requirements for a foster home and that it was an "ideal" setting. Given this evidence, the juvenile court did not abuse its statutory discretion in placing custody of the child with the Baileys.
The parents contend, however, that the juvenile court failed to consider less drastic alternatives than placing custody with the Baileys. The requirement that the juvenile court consider less drastic alternatives is applicable in cases involving the termination of parental rights. See, e.g., Buckhalter v.Department of Pensions Security, 484 So.2d 1119
(Ala.Civ.App. 1986). As already noted, this is not a termination of parental rights case, but a disposition following a determination of CHINS and dependency, for which the juvenile court is not required to consider less drastic alternatives.
 II
The parents also raise several constitutional issues relating to the dependency determination.
The parents contend, first, that their procedural due process rights were violated because custody was changed based upon a dependency determination when dependency had not been alleged. They argue that they did not have adequate notice that dependency was an issue in the case. We disagree.
The record reflects that on December 20, 1985, the Baileys filed, in addition to a motion to intervene, a petition seeking custody of the child on grounds of his dependency. The parents were thus fully informed that this issue had been injected into the case, and there could be no denial of their due process rights on grounds of inadequate notice.
The parents also contend that they were denied due process because the order of the juvenile court contained no factual findings or legal conclusions and, thus, did not sufficiently inform them of the basis for the determination of dependency.
While it might be preferable for a juvenile court to set forth detailed findings and conclusions in each case, the CHINS and dependency statutes do not require it to do so.See Ala. Code (1975), §§ 12-15-65 and 12-15-71. Moreover, in our opinion, the order of the juvenile court, which cited to the specific statutory provisions upon which the court relied, fully apprised the parents of the bases for both the CHINS and the dependency determinations.
The parents' further contention that the dependency statute itself is impermissibly vague and overbroad and that its utilization by the juvenile court therefore denied them due process is simply without merit and is not supported by the cases relied upon by the parents in brief.
 III
The parents also attack on appeal the jurisdiction of the juvenile court to alter the custody of the child. They contend that the juvenile court was without jurisdiction because the Jefferson County Circuit Court had already obtained continuing jurisdiction over the child's custody when it divorced the parents in October 1984.
This case is not a custody dispute between the parents. It is, as already discussed, a disposition following a determination of CHINS and dependency. As such, the juvenile court had original jurisdiction pursuant to Ala. Code (1975), § 12-15-30(a)(1). See Carter, 469 So.2d 66.
We note, moreover, that the parents invoked the jurisdiction of the juvenile court in the first instance by filing the CHINS petition. Under such circumstances, we find their attack on the jurisdiction of that court to be without merit. *Page 294 
 IV
The parents further contend that the juvenile court erred in granting the Baileys' motion to intervene because the motion did not conform to the requirements of Rule 24(c), Alabama Rules of Civil Procedure. That rule requires that the motion state the grounds for intervention and that it be accompanied by a pleading setting forth the claim or defense for which intervention is sought.
The parents claim that the Baileys' motion sets forth no claim or defense and that it is thus insufficient under Rule 24. The parents ignore, however, the Baileys' petition for custody, which was apparently filed the same day as the motion to intervene and which does set forth definite contentions with regard to why the Baileys sought custody. The record reflects that the petition, as well as the motion to intervene, was before the juvenile court and was considered by it when it granted the Baileys' motion to intervene.
Moreover, the record does not reflect that the parents challenged the sufficiency of the motion to intervene under Rule 24 in the juvenile court. We thus find that their contention that the juvenile court erred in granting the motion is without merit.
 V
The parents' final contentions on appeal concern that part of the judgment of the juvenile court which required them to pay the Baileys $350 per month child support and an attorney's fee of $3,500 to the child's guardian ad litem.
Ala. Code (1975), § 12-15-9, authorizes the juvenile court to order the parents to pay to the persons to whom custody of the child is given a "reasonable sum" for the child's support and treatment. It is well established, moreover, that the award of child support is a matter generally within the discretion of the trial court, which will not be reversed except for an abuse of that discretion. Lewis v. Lewis, 494 So.2d 105
(Ala.Civ.App. 1986); Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
In determining the amount of child support, the trial court should consider the needs of the child and the parents' ability to pay. Lewis, 494 So.2d 105; Brannon, 477 So.2d at 447.
Applying these standards in the present case, we find that the juvenile court was well within its discretion in ordering the parents to pay $350 per month for the support of the child.
The child testified as to his needs and expenses, including expenses for school supplies and lunch, expenses for personal articles such as soap and shampoo, and gas expenses. The fact that the child did not place a dollar amount on each of these expenses does not diminish his testimony as to his need for money to cover such expenses. On the other hand, the parents' ability to pay was clearly established. Both parents work and have a substantial income. Under such circumstances, we think the support award was well within the bounds of reasonableness.
The juvenile court awarded an attorney's fee in this case pursuant to Ala. Code (1975), § 12-15-11, which grants to juvenile courts the authority to require financially able parents in a case such as this one to pay court costs and attorney fees.
In addition to the general grant of authority given by § 12-15-11, however, the juvenile court is also governed by Ala. Code (1975), § 15-12-21, which places specific guidelines and limits on the award of attorney fees and the payment of expenses in a case such as this one. Section 15-12-21(d) places a $1,000 ceiling on the amount of the fee that can be awarded to any one attorney in the case.
In awarding a fee of $3,500 to the child's guardian ad litem, the juvenile court ignored the specific $1,000 cap which §15-12-21(d) places on the amount which may be awarded for such a fee. This part of the judgment of the juvenile court is, therefore, due to be reversed and remanded for the juvenile court to award an attorney's fee in accordance with both § 12-15-11 and § 15-12-21(d). *Page 295 
 VI
In conclusion, we would simply note again that, while heartrending, this case does not in any way terminate the parental rights of the parents. Based upon the evidence before it, the juvenile court, after finding the child to be both in need of supervision and dependent, simply concluded that placing the child in the custody of his parents was not at this time the best alternative.
Cases such as this one are never res judicata. The juvenile court has left the door open for the parents and the child to improve their relationship. We would hope that the parents and the child would take advantage of the opportunity given them to do so.
This case is affirmed in part and reversed and remanded in part for entry of an order in accordance with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.