This case involves the modification of a child support award by the trial court.
The parties, Mr. Larry G. Woodall (husband) and Mrs. Rita F. Woodall (wife), were divorced on December 2, 1985. The trial court ordered the husband to pay the wife $75 per week as child support for the parties' one child.
The husband subsequently filed a motion to modify the divorce decree in order to reduce his child support payments. The husband alleged that there had been a change in the circumstances surrounding his job which necessitated the trial court's modification of the original decree. On September 12, 1986 the trial court modified the original decree by reducing the husband's weekly child support payments from $75 to $65.
On October 9, 1986 the husband filed a motion for a new trial pursuant to Rule 59, Alabama Rules of Civil Procedure, seeking that his child support payments be reduced even further. The trial court granted the husband's motion and on November 3, 1986, after holding a new hearing, further reduced the husband's weekly child support payments from $65 to $50.
On November 20, 1986 the wife filed what was termed a motion to reconsider the trial court's November 3 order. The trial court held a hearing on the wife's November 20 motion on November 26, 1986. On December 2, 1986 the trial court entered an order increasing the husband's weekly child support from $50 to $60.
The husband now appeals the trial court's latest order and raises two contentions of error. First, the husband asserts that the trial court lacked the legal authority to grant the wife's motion to reconsider the November 3 order and enter its December 2 order increasing the weekly child support payments. Second, the husband contends that the trial court erred in increasing his child support payments.
In his brief the husband argues that the trial court's December 2, 1986 order is void because the court lacked the authority to entertain the wife's postjudgment motion after it granted the husband's motion for a new trial and ordered the relief sought by the husband. See, Rule 59, A.R.Civ.P. We note, however, that our supreme court has expressly limited the application of the husband's Rule 59 argument to situations where a movant files a motion to reconsider the trial court's ruling on that movant's *Page 1007 
own postjudgment motion. See, Ex parte Dowling, 477 So.2d 400
(Ala. 1985). In situations where a judge has granted a postjudgment motion for one party, the non-moving party aggrieved by the motion has the right under our rules to file his or her own postjudgment motions. See, Ex parte Dowling,supra (Torbert, C.J., concurring specially). Finally, this proposition applies whether the postjudgment motion is entered pursuant to Rule 59(e) or Rule 50(b). See, Rule 59(e), A.R.Civ.P.; Rule 50(b), A.R.Civ.P.
In the present case the trial court granted the husband's October 9 motion for a new trial and reduced the child support payments from $65 to $50. The wife then filed a motion to reconsider the court's November 3 order. Because a motion to reconsider is not specifically recognized by the Alabama Rules of Civil Procedure, the wife's motion must be treated as a motion to alter, amend, or vacate a judgment pursuant to Rule 59(e). See, Baker v. Ball, 473 So.2d 1031 (Ala. 1985). As previously stated, such a motion may properly be raised by a nonmoving party who is aggrieved by a trial court's order granting a moving party's Rule 59(e) motion. Ex parte Dowling,supra. Thus, the wife's motion to reconsider the trial court's November 3 order was proper.
The husband's second contention of error is that the trial court's December 2, 1986 order regarding child support is so excessive that it constitutes an abuse of discretion. As a general rule, the determination of child support rests within the sound discretion of the trial court. See, Banks v.Spurlock, 470 So.2d 1300 (Ala.Civ.App. 1985). Also, a trial judge's decision with regard to child support will not be reversed by this court absent evidence that the decision constituted a manifest abuse of discretion. See, Murphy v.Murphy, 450 So.2d 143 (Ala.Civ.App. 1984).
In the present case the record reveals that the husband's weekly take-home pay was reduced by about fifteen percent. In response to this decrease, the trial court reduced the husband's child support payments from $75 per week to $50 per week, a thirty-three percent decrease. The trial court then increased the husband's support payments from $50 per week to $60 per week. The trial court's December 2, 1986 order increasing child support payments to $60 per week appears to bring the reduction in the husband's child support payments in line with the reduction in his weekly salary. Based upon this evidence, we are unable to say that the trial court's December 2 order constituted a manifest abuse of discretion. See, Murphyv. Murphy, supra.
For the foregoing reasons, we hold that the wife's November 20, 1986 motion was proper and that the trial court did not abuse its discretion in increasing the husband's child support payments. We must, therefore, affirm the judgment of the trial court.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.