On October 12, 1989, the Jenkinses filed a complaint against Landmark Chevrolet and General Motors Acceptance Corporation. The complaint consisted of numerous allegations concerning the condition of an automobile purchased by the Jenkinses from Landmark and Landmark's alleged *Page 1159 
failure to uphold the warranties pertaining to the vehicle.
On January 22, 1990, Landmark filed a motion for summary judgment as to all the claims of the Jenkinses. Following a hearing on the motion, the trial court granted the motion on March 26, 1990. On April 27, 1990, the Jenkinses then filed a motion requesting the trial court to reconsider its grant of summary judgment. (The Jenkinses' claims against GMAC were dismissed with prejudice.)
First, we note that the Jenkinses' motion, which was denominated a "motion to reconsider" should have properly been entitled a "motion to alter, amend, or vacate". However, the nomenclature of the motion is not controlling, and, thus, we will consider it an Alabama Rules of Civil Procedure, Rule 59(e), motion to alter, amend, or vacate. Woodall v. Woodall,506 So.2d 1005 (Ala.Civ.App. 1987); see also, Rebel Oil Co.,v. Pike, 473 So.2d 529 (Ala.Civ.App. 1985).
Landmark asserts on appeal that because the Jenkinses' "motion to reconsider" was filed more than 30 days after the court's grant of the summary judgment motion, this appeal is due to be dismissed.
We have examined the record in this case and note the following facts. The court's order granting summary judgment is dated March 26, 1990. However, the record reflects that the order was not received and filed by the clerk until March 30, 1990.
Rule 58(c), A.R.Civ.P. provides:
 "Entry of judgment or order. Upon rendition of a judgment or order as provided in subdivision (a) of this rule, . . . the clerk shall note such judgment or order forthwith in the civil docket if separately maintained. Notation of a judgment or order on separately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order."
(Emphasis added.)
Additionally, Rule 59(e), A.R.Civ.P., provides:
 "Motion to alter, amend or vacate a judgment. A motion to alter, amend, or vacate the judgment shall be filed not later than 30 days after entry of the judgment."
(Emphasis added.)
Because the order granting the summary judgment was not received and filed in the clerk's office until March 30, 1990, the time in which the Jenkinses had to file their motion to alter, amend, or vacate did not begin to run until that date. Consequently, their motion was timely.
A proper Rule 59(e) motion will extend the time for filing a notice of appeal pursuant to Rule 4, Alabama Rules of Appellate Procedure. Morris v. Merchants National Bank, 359 So.2d 371
(Ala. 1978).
The Rule 59(e) motion was not ruled on by the trial court until June 27, 1990, and the notice of appeal in this case was filed on August 8, 1990, which is within the forty-two day time limit within which the appeal must be filed. Thus, the appeal is timely.
We now turn to the merits of the appeal.
The Jenkinses contend that the trial court erred in granting Landmark's motion for summary judgment on all issues. On appeal from a trial court's grant of summary judgment, this court must apply the same standard utilized by the trial court.Southern Guaranty Insurance Co. v. First Alabama Bank,540 So.2d 732 (Ala. 1989). Summary judgment is proper when the trial court concludes that no genuine issue of material fact exists and that the moving party, in this case, Landmark, is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Here, the complaint was filed subsequent to the legislature's abolishing the scintilla rule. § 12-21-12, Code 1975. Thus, after Landmark made its prima facie showing that no genuine issue of material fact existed, the Jenkinses had to produce substantial evidence which supported their position that they were entitled to a trial to prevent the issuance of summary judgment. Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794 (Ala. 1989). *Page 1160 
First, the Jenkinses assert that an issue of fact existed as to whether certain implied warranties attached to their vehicle at the time of purchase from Landmark and as to whether Landmark failed to honor these warranties.
We note the following. The vehicle purchased by the Jenkinses was not a new vehicle, but rather a used vehicle. Likewise, the retail purchase contract entered into by Mr. Jenkins contained this "purchaser acknowledgement":
 "The purchaser herein acknowledges that this vehicle may have had mechanical and/or body repairs. Said vehicle may have suffered damage during production, transit, while in the possession of a prior owner or in the possession of the seller. The seller makes no representation as to former damage, if any, nor warranties as to the repair of the same."
(Emphasis added.)
Immediately following the above-quoted paragraph was Mr. Jenkins's signature. We also point out that this particular provision was printed in all capital letters. Likewise, Mr. Jenkins signed the same document again, attesting to the fact that he had both read it and understood it.
Further, a document entitled "Buyer's Guide" was also signed by Mr. Jenkins, which contained this provision:
 "WARRANTIES FOR THIS VEHICLE: AS IS — NO WARRANTY. YOU WILL PAY ALL COSTS FOR ANY REPAIRS. The dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle."
Other documents contained in the record reiterate the fact that Landmark made clear to Mr. Jenkins that no warranties attached to the vehicle. Specifically, an acknowledgement of disclosure, signed by Mr. Jenkins also contained the following:
 "I purchase the vehicle 'AS IS' with no warranties, either expressed or implied, including any implied warranty of marketability and implied warranty of fitness for a particular purpose by Landmark Chevrolet, Inc."
Pursuant to § 7-2-316(3)(a), "all implied warranties are excluded by expressions like 'as is,' . . . which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." Thus, as a matter of law there was no genuine issue of material fact on this issue, and the trial court properly granted summary judgment.
We note, however, that the Jenkinses assert on appeal that because they purchased a service contract on the vehicle the same day that they purchased the vehicle itself, that the implied warranties could not be disclaimed. They base this contention on the following United States Code provision:
"§ 2308 Implied Warranties
"Restrictions on disclaimers or modifications
 "(a) No supplier may disclaim or modify (except as provided in subsection (b) of this section) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product."
15 U.S.C.A. § 2308 (West 1982) (emphasis added).
Although our supreme court has previously applied this provision to a situation similar to the Jenkinses', we have examined the Jenkinses' complaint and find no allegation concerning the applicability of this section of the United States Code, which is commonly referred to as the Magnuson-Moss Act. 15 U.S.C.A. §§ 2301 et seq. In other words, the Jenkinses failed to allege, at the trial court level, that Landmark violated the Magnuson-Moss Act.
It is a well-settled proposition of law that a trial court cannot be put in error for failing to rule on an issue not before it. Sherrill v. Frank Morris Pontiac-Buick-GMC, Inc.,366 So.2d 251 (Ala. 1979). The applicability of the Magnuson-Moss Act was not raised by the Jenkinses in their *Page 1161 
complaint, nor in their "motion to reconsider." This court will not review a case on a theory different from the one on which it was tried. Sherrill.
In addition to their assertions concerning the violation of implied warranties, the Jenkinses argue that an issue of fact was created as to whether certain statements made to them by salesmen created express warranties pursuant to § 7-2-313, Code 1975. Thus, the Jenkinses argue that the trial court erred in granting summary judgment on this issue also.
However, we have carefully examined the record and note that the statements made, which allegedly created an express warranty were essentially these: the vehicle was in good shape; and, they (Landmark) had checked the vehicle out.
Certain kinds of statements do not rise to the level of creating an express warranty; instead, they are viewed as merely "puffing". Pell City Wood, Inc. v. Forke BrothersAuctioneers, Inc., 474 So.2d 694 (Ala. 1985). The statements made by the Landmark salesmen fall within the category of "puffing" in that the statements are at best the opinion of the salesmen and, consequently, do not rise to the level of an express warranty. Pell City; § 7-2-313(2), Code 1975. Additionally, as previously noted, Mr. Jenkins signed an "as is" disclaimer which specifically excluded any express warranties. Consequently, the trial court's grant of summary judgment on this issue was not in error.
Finally, the Jenkinses argue that Landmark made certain assurances that any defects in the vehicle would be fixed, and that such assurances amounted to misrepresentations because the vehicle was not fixed. Thus, the Jenkinses claim that the court's summary judgment was in error, because there was a triable issue as to whether fraud occurred.
In their brief, the Jenkinses refer us to only one alleged misrepresentation. Essentially, that misrepresentation was that the service department said it would fix the vehicle the best they could. We cannot find that this statement constitutes actionable fraud.
By assuring the Jenkinses that it would fix the vehicle the best it could, Landmark did not guarantee that the vehicle would then perform free of defects. See, Tittle v. Steel CityOldsmobile GMC Truck, Inc., 544 So.2d 883, 891 (Ala. 1989). Therefore, if the service department's statements could be construed to have created warranty, it was not one that extended to the car's future performance. Tittle.
Further, "[i]n order for a promise to constitute an actionable fraudulent misrepresentation, there must be, at the time the promise is made, a present intent not to perform as promised." Ligon Furniture Co. v. O.M. Hughes Insurance, Inc.,551 So.2d 283, 285-86 (Ala. 1989). We cannot find substantial evidence that indicates that Landmark had a present intent not to fix the vehicle when it made the promise that it would. Thus, the trial court's grant of summary judgment was proper as to this issue.
The Jenkinses have made other contentions on appeal, which are not supported by any authority. The mere insistence of error without mention of authority does not amount to an argument in compliance with Rule 28, Alabama Rules of Appellate Procedure. May v. State Dept. of Human Resources, 512 So.2d 781
(Ala.Civ.App. 1987). Likewise, other contentions are made that contain no reference to the record for factual support. It is not the duty of this court to search the record for purposes of determining whether it contains evidence which will support an appellant's contention. Rule 28(a)(4), A.R.App.P.; Standard OilCo. v. Johnson, 276 Ala. 578, 165 So.2d 361 (1964).
Having found that the court's grant of summary judgment was proper as to all issues, we affirm.
AFFIRMED.
RUSSELL and THIGPEN, JJ., concur. *Page 1162