CRAWLEY, Judge,
dissenting.
The court holds that the parental presumption afforded by Ex parte Terry, 494 So.2d 628 (Ala. 1986), is not applicable to the father because this is a dependency case rather than a custody dispute. I respectfully dissent.
This case involves a custody dispute, pure and simple. The trial judge treated it as such; he made no finding of dependency. The court dealt with the matter, as Judge Yates’s opinion acknowledges, “as an ordinary custody dispute between a parent and nonparent, rather than as a dependency proceeding.” 769 So.2d at 302. That assessment was correct.
Although the grandparents’ petition alleged that the child was dependent, “[plleadings are a means, not an end.” C. Lyons, 1 Alabama Practice § 15.1 at 308 *304 (1st ed.1973) (quoted in McElrath v. Consolidated Pipe & Supply Co., 351 So.2d 560, 564 (Ala. 1977)). A court is not bound by a party’s characterization and may look past labels to the gist of a pleading. “The ‘character of a pleading is determined and interpreted from its essential substance, and not from its descriptive name or title.’ ” Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala. 1996) (quoting Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969)). See also King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So.2d 714, 718 (Ala. 1987) (“This Court is committed to the proposition that it will treat a ... pleading and its assigned grounds according to its substance”).
The substance of the grandparents’ petition and the evidence presented at trial leave no room for doubt that the parties were in court solely because the father and the maternal grandparents disputed the custody of the child. There was no basis for finding the child dependent other than the ground alleged by the grandparents and set out in § 12 — 15—l(10)c., Ala.Code 1975: that the child’s “custody [was] the subject of controversy.”
This court has repeatedly scrutinized what may have been termed by the parties or the trial court as “dependency cases” to ascertain whether the proceedings were, in fact, dependency determinations or whether they were, in actuality, custody disputes. See, e.g., C.P. v. M.K., 667 So.2d 1357, 1358 (Ala.Civ.App. 1994); Jones v. Webb, 524 So.2d 374 (Ala.Civ.App. 1988); Anonymous v. Anonymous, 504 So.2d 289, 291 (Ala.Civ.App. 1986).
In C.P. v. M.K., Presiding Judge Robertson, writing for the court, stated that “[a]lthough ... the trial court found the minor child to be dependent, the record does not contain sufficient evidence to support that finding of dependency.” 667 So.2d at 1358. He concluded, “[O]ur review of the record evidence convinces us that this case is more of a custody case than a determination of dependency case. Hence, the Terry standard applies since the custody dispute is between a parent and a nonparent.” Id.
In Jones v. Webb, this court was called on to determine what standard of proof— the “best interest” standard or the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala. 1984)— governed a proceeding that was nominally a dependency case. Judge Ingram, writing for the court, looked beyond the dependency allegations and concluded: “Our consideration of all the matters before us convinces us that this case comes here more in the shape of a change of custody case than a determination of dependency case, even though the evidence tends to narrowly support the trial court’s finding of dependency.” 524 So.2d at 375.
In Anonymous v. Anonymous, the parents of a child who had run away from home filed a CHINS petition. The trial court determined that the child was dependent and transferred custody to the parents of a friend of the child who, the court found, could best deal with the child. Judge Holmes, writing for this court, decided that the case was “not simply a custody dispute between parents and non-parents.” 504 So.2d at 291. “The primary issue,” according to Judge Holmes, was “whether there [was] clear and convincing evidence to support the determination ... that the child [was] in need of supervision and ... dependent.” Id.
In this case, we do not even have to look beyond the allegations of dependency to determine that the proceeding was really a custody dispute between a parent and non-parents. The only basis for dependency alleged was that the child’s “custody [was] the subject of controversy.” That allegation tracked § 12-15-l(10)c. The circularity of the reasoning — that this is not a custody dispute because it is a dependency case because the child’s custody was the subject of controversy — is apparent. Clearly, § 12-15-l(10)c. cannot be used as *305 an end-run around the proof requirements of Ex parte Terry.
The evidence presented at trial does not establish clearly and convincingly that the father is unfit. Therefore, the trial court’s judgment awarding custody to' the grandparents should be reversed.