MURDOCK, Judge,
concurring in the result.
I cannot agree with some portions of the analysis in the main opinion. Nonetheless, I agree with the result reached in the main opinion, and I join Judge Bryan’s special writing explaining why he too concurs in the result.
I write separately to note my concern as to statements by this court in some cases that can be read as suggesting that a child may be found dependent and the custody of the child may be removed from its parent merely because the State, through its judicial branch, makes a determination that the child’s “best interests” would be served by being in the physical custody of someone other than his or her parent. Such statements are found in the main opinion immediately before the quotation from W.T. v. State Department of Human Resources, 707 So.2d 647 (Ala.Civ.App.1997), in Part I and in Part VIII. See 915 So.2d at 69-72 and 73-74. But see note 1 of the main opinion, id. Even Judge Holmes’s statement in Anonymous v. *75 Anonymous, 504 So.2d 289 (Ala.Civ.App.1986), as quoted in note 1 in the main opinion, holds as much potential to mislead as to correctly exposit.
While the parental-custodial presumption has been held not to apply in the dispositional phase of a dependency case (see, e.g., D.M.P. v. State Dep’t of Human Res., 871 So.2d 77 (Ala.Civ.App.2003) (plurality opinion)), both on federal constitutional grounds and under general principles of state law that correlate with constitutional principles, there is very much a presumption in favor of parental custody that the State (or an individual petitioner) must overcome in the adjudicatory phase of a dependency case. What I believe to be the correct view of the constitutional rights of parents to the custody of their children, the correlative presumption as a matter of general state law in favor of parental custody, and how our custody cases and our dependency statutes and cases are fully consistent with these constitutional and state-law principles, is explained in my special writing in F.G.W. v. S.W., 911 So.2d 1, 5 (Ala.Civ.App.2004) (Murdock, J., dissenting) (discussing, among other things, the Alabama Juvenile Justice Act, § 12-15-1 et seq., Ala.Code 1975; Ex parte Terry, 494 So.2d 628 (Ala.1986); and W.T., supra).
I also note my disagreement with the statement in W.T., as quoted in the main opinion, see 915 So.2d at 70-71 (quoting W.T., 707 So.2d at 649), that unfitness is the only reason a court can favor a nonpar-ent over a parent in a custody dispute. See F.G.W., siopra (Murdock, J., dissenting) (referencing grounds upon which a nonparent may be favored over a parent).