MOORE, Judge.
W.J. and J.J., the paternal grandparents of J.M.B. (“the child”), appeal from the dismissal of their dependency petition. We reverse.

Procedural History

On April 14, 2008, the paternal grandparents filed a verified petition in the Walker Juvenile Court requesting that the court determine that J.P. is the father of the child and requesting that the court award them custody of the child. The paternal grandparents alleged that J.P. “has had very little involvement with the *455 child since her birth, does not regularly support her, has no home of his own and has been very involved with drugs and continues to be involved with drugs.” They also alleged that the mother of the child, J.L.B., has neglected and abused the child while living at the home of the child’s maternal grandparents, J.B. and J.B. The paternal grandparents further alleged that the maternal grandmother had left the home for a period, leaving the mother and the maternal grandfather to care for the child, and that the child’s maternal grandfather was unable to properly care for the child on his own. That same day, the juvenile court awarded the paternal grandparents pendente lite custody of the child and appointed a guardian ad litem for the child.
On April 30, 2008, Charles C. Tatum, Jr., filed a notice of appearance as counsel for the maternal grandparents, and, on July 9, 2008, the maternal grandparents filed a motion requesting that the court set aside the pendente lite order and award them pendente lite custody of the child. The maternal grandparents subsequently filed a motion for visitation with the child, and the court ordered that the maternal grandparents and the paternal grandparents have the child on alternating weeks.
The juvenile court also ordered that the mother, the child, and J.P. report for genetic testing; the results of the genetic testing indicated that the probability that J.P. is the father of the child is 99.99%.
On December 16, 2008, the maternal grandparents filed a motion to dismiss the cause, averring that, on December 2, 2008, they had filed a petition for adoption in the Walker Probate Court and that the child’s parents had consented to their adopting the child. The paternal grandparents filed a response in opposition to the motion to dismiss the same day. The juvenile court held a hearing on January 7, 2009.
On January 13, 2009, the juvenile court entered a judgment dismissing the case, stating that the issues raised in the dependency petition were moot because both the mother and the father had relinquished their rights to the child to the maternal grandparents and that it was in the best interest of the child and in the interest of judicial economy that the juvenile court grant the motion to dismiss so that the probate court could proceed to a ruling on the merits of the adoption petition.
On January 16, 2009, the paternal grandparents filed a motion to alter, amend, or vacate the juvenile court’s judgment; that motion was denied on January 20, 2009. The paternal grandparents filed their notice of appeal on February 3, 2009.

Discussion

I. The Maternal Grandparents’ Motion to Dismiss the Appeal

Initially, we must address the motion to dismiss the appeal filed by the maternal grandparents. The maternal grandparents argue that, because the juvenile court dismissed the dependency case without prejudice, there is no final judgment from which to appeal.
In Hutchinson v. Miller, 962 So.2d 884 (Ala.Civ.App.2007), this court addressed the question whether a judgment dismissing a case without prejudice is a final judgment from which an appeal may be taken. This court stated:
“Because the probate court’s judgment expressly stated that the action had been dismissed ‘without prejudice,’ the finality of the judgment under review may, at first glance, be questioned in light of the rule followed in Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995).[1] *456 However, we distinguish Palughi on the basis that the probate court’s judgment of dismissal of the action, on the basis of lack of subject-matter jurisdiction, ‘conclusively determine[d] the issues before the court’ (659 So.2d at 113) upon the submission of the moving defendants’ motion to dismiss for lack of subject-matter jurisdiction, thus rendering the judgment final. We therefore reach the merits of the contentions raised by the parties on appeal, applying, as we must, a de novo standard of review to the probate court’s judgment. See State Dep’t of Revenue v. Arnold, 909 So.2d 192, 193 (Ala.2005).”
962 So.2d at 887.
In the present case, the juvenile court’s judgment dismissing the case stated that the issues raised in the dependency petition were moot because both the mother and the father have relinquished their rights to the child to the maternal grandparents and that it is in the best interest of the child and in the interest of judicial economy that the court grant the motion to dismiss so that the probate court could proceed to a ruling on the merits of the adoption petition. Thus, the juvenile court treated the filing of the adoption proceeding as ending any controversy regarding the dependency of the child. Because the juvenile court’s judgment “ ‘conclusively determine[d] the issue[ ]’ ” of the child’s dependency, we conclude that the judgment was final. Hutchinson, 962 So.2d at 887. Thus, we decline to dismiss the present appeal, and we proceed to address the paternal grandparents’ arguments.

II. Paternal Grandparents’ Appeal

The paternal grandparents first argue that the maternal grandparents failed to intervene in the dependency case, pursuant to Rule 24(c), Ala. R. Civ. P. We note, however, that the paternal grandparents failed to object to the maternal grandparents’ involvement in the case. Although the paternal grandparents stated in their brief in support of their opposition to the maternal grandparents’ motion to dismiss that it “is even questionable that the Maternal Grandparents are properly before this Court as parties based on their filings,” they did not request that the juvenile court strike the maternal grandparents’ motion, nor did they articulate the basis for their position.
In Anonymous v. Anonymous, 504 So.2d 289, 294 (Ala.Civ.App.1986), the appellants contended that the appellees’ motion to intervene in the juvenile proceedings did not conform to the requirements of Rule 24(c), Ala. R. Civ. P. This court noted, however, that “the record does not reflect that the [appellants] challenged the sufficiency of the motion to intervene under Rule 24 in the juvenile court.” Id. Thus, this court found the appellants’ argument to be without merit. Id. It is well established that, in order to preserve an argument for appellate review, an appellant must present to the trial court the specific grounds for that argument. See, e.g., Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003). Because, in the present case, the paternal grandparents failed to properly present the issue whether the maternal grandparents had properly intervened, we decline to hold the juvenile court in error on this point.
The paternal grandparents next argue that the juvenile court erred in dismissing their dependency petition based *457 on the maternal grandparents’ having filed an adoption proceeding in the probate court. We agree.
“On appeal, a dismissal is not entitled to a presumption of correctness.... The appropriate standard of review under Rule 12(b)(6) [, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief. ... In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [the plaintiff] may possibly prevail. ... We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993).
In the present case, the juvenile court found that the filing of the petition for adoption, along with the parents’ having consented to the maternal grandparents’ adoption of the child — which the juvenile court took judicial notice of[2] — rendered the dependency case moot. We note, however, that the pendency of the adoption proceedings and the parents’ consent to the maternal grandparents’ adopting the child fall short of showing “beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.” See Nance, 622 So.2d at 299.
The paternal grandparents alleged in their dependency petition that the mother had abused and neglected the child in the maternal grandparents’ home and that the maternal grandmother had left the child in the care of the mother and the maternal grandfather, neither of whom were allegedly capable of caring for the child. Although the mother had signed a form consenting to the maternal grandparents’ adoption of the child, there is no assurance that the circumstances that existed at the time of the filing of the petition would not resume. Furthermore, the adoption proceedings are not duplicative of the juvenile-court proceedings. As recognized in D.B. v. J.E.H., 984 So.2d 459, 462 (Ala.Civ.App.2007), proceedings in a juvenile court involve a different issue than adoption proceedings in a probate court.

Conclusion

Based on the foregoing, we reverse the judgment of the juvenile court and remand this cause for further proceedings consistent with this opinion.[3]
The maternal grandparents’ “motion for damages for frivolous appeal” is denied.
REVERSED AND REMANDED.
PITTMAN and BRYAN, JJ., concur.
THOMAS, J., concurs specially.
THOMPSON, P.J., concurs in the result, without writing.

. In Palughi v. Dow, 659 So.2d 112 (Ala.1995), the Alabama Supreme Court dismissed an appeal as being from a nonfinal judgment when the trial court had dismissed the case "without prejudice.” 659 So.2d at 113. In *456 that case, the defendant, Dow, had moved to dismiss the action on the ground that the plaintiff, Palughi, "was merely seeking an advisory opinion, rather than bringing a claim that was justiciable under the Declaratory Judgments Act, Ala.Code 1975, § 6-6-220 et seq.” Id. The supreme court noted that the trial court had not addressed the merits of the issues that Palughi had raised on appeal. Id.

. Because the adoption proceedings were pending at the time the dismissal was entered, the juvenile court’s taking judicial notice of the adoption proceedings did not convert the maternal grandparents' motion to dismiss into a motion for a summary judgment. See, e.g., Webb v. City of Demopolis, 14 So.3d 887, 896 (Ala.Civ.App.2008) (Pittman, J., concurring in part and concurring in the result); and Briggs v. Woodfin, 395 So.2d 1024, 1026 (Ala.Civ.App.1981).

. The paternal grandparents also argue that the maternal grandparents failed to present substantial evidence in support of their motion to dismiss; because we are reversing the judgment on other grounds, we decline to address that argument.