ON APPLICATION FOR REHEARING
The original opinion released on April 30, 1993, is withdrawn and the following opinion is substituted therefor.
The jury returned a verdict for the plaintiffs/purchasers, Sherwood Weil and Leslie Weil, and against the defendants/sellers, Johnny Evans Osborne and Helen D. (Blevins) Osborne, on the Weils' claims alleging fraud, misrepresentation, and deceit arising out of oral and written representations and failures to disclose information about the business, including 7.48 acres of commercial property, known as the "Fishin' Hole," which the Weils purchased from the Osbornes. The representations involved the profitability of the business, the operation of the business, and the condition of the equipment included in the sale. The oral representations were made before the Weils and the Osbornes signed a contract for the sale of the "Fishin' Hole"; that contract, which also contained several representations concerning the business, had been prepared at the Weils' request by a lawyer selected by and acting for the Weils. A jury found for the Weils. The Osbornes appeal from the judgment entered by the trial court on the jury's verdict. We reverse and remand.
The Osbornes' motion for summary judgment, their directed verdict motions made at the close of the Weils' evidence and at the conclusion of all the evidence, and their motion for a judgment notwithstanding the verdict (all motions predicated upon the execution by the Weils and Osbornes of a sales agreement after the alleged oral representations had been made) were denied by the trial court.
The contract contained the following provisions:
 "SECTION 4: REPRESENTATIONS OF SELLER: The Seller warrants and represents as follows:
". . . .
 "B. COMPLIANCE WITH LAW: Seller warrants that the establishment is fully equipped in compliance with the provisions of the State of Alabama and all equipment and fixtures are in good working order. Seller also warrants that they have not received any citations from any governmental agencies, including [the] health department, concerning the operation of the business of the Fishin' Hole.
". . . .
 "SECTION 5: GUARANTEES: The Seller hereby represents, warrants and guarantees *Page 438 
that the financial statements of the business which were previously exhibited to the Buyer are true and correct and thoroughly reflect the financial position of the business which the Buyer is purchasing, as of the end of such periods shown on the financial statements.
". . . .
"SECTION 16: ENTIRE AGREEMENT:
 "A. This instrument constitutes the entire agreement between the parties. Neither party shall be bound by any terms, conditions, statements or representations, oral or written, not herein contained. Each party hereby acknowledges that in executing this contract he has not been induced, persuaded or motivated by any promise or representation made by the other party, unless expressly set forth herein. All previous negotiations, statements and preliminary instruments by the parties or their representatives are merged in this agreement."
(Emphasis added.)
Another clause in the contract provided:
 "F. TAKING OF INVENTORY: Upon change of possession the Seller and the Buyer agree to take an inventory of all items of value located on the premises or listed in Exhibit 'B.' Personal property is sold 'as is' with no warranties, except [as to] a skinner, which Seller agrees to have repaired."
The contract was available for the Weils to read at their lawyer's office. No one prevented them from reading it. They signed it. The Osbornes, who were not represented by a lawyer during the sales process, also signed it.
No matter which standard this Court uses as the appropriate standard for testing reliance in a commercial fraud transaction — whether "reasonable reliance" (Southern StatesFord, Inc. v. Proctor, 541 So.2d 1081, 1087-92 (Ala. 1989) (Hornsby, C.J., concurring specially)), or "justifiable reliance" (Hickox v. Stover, 551 So.2d 259 (Ala. 1989); Johnsonv. State Farm Insurance Co., 587 So.2d 974 (Ala. 1981)) — we conclude that, as a matter of law, the Weils had no right to rely on oral representations made before they executed the contract prepared by their lawyer. Burroughs v. JacksonNational Life Insurance Co., 618 So.2d 1329 (Ala. 1993);Leatherwood, Inc. v. Baker, 619 So.2d 1273 (Ala. 1992);O'Connor v. Scott, 533 So.2d 241 (Ala. 1988) (consumer real estate transaction); Credit Alliance Corp. v. Cornelius RushCoal Co., 508 F. Supp. 63 (N.D.Ala. 1980). We further conclude that, by agreeing to buy the equipment "as is," the Weils could not base a fraud claim on the representation contained in § 4B of the contract concerning the condition of the equipment included in the sale. See O'Connor v. Scott, supra. In addition, we cannot see how the representation in § 5 of the contract, concerning the accuracy of the Osbornes' financial statements, was actionable. It appears to be undisputed that the Osbornes' financial statements were never provided to the Weils before the purchase. Furthermore, there appears to be no contention that the Osbornes' financial statements were inaccurate. The Weils alleged that had these statements been provided to them before the purchase they would have realized that the business was not a good investment. Therefore, the trial court erred in not granting the Osbornes' motion for a judgment notwithstanding the verdict, insofar as the Weils' fraud claims were based on these representations. However, the Weils could base a fraud claim on the representation contained in § 4B of the contract that the health department had issued no citations to the Osbornes. The record indicates that, before selling the business to the Weils, the Osbornes had been cited by the health department for having a well contaminated with bacteria. The materiality of this representation was expressly acknowledged in the contract.
Because the Osbornes specifically challenged the fraud claims on the ground that there was no justifiable reliance on the part of the Weils, and because all but one of the Osbornes' representations could not, as a matter of law, form the basis for the Weils' fraud claims, we must reverse the judgment under the rationale of Aspinwall v. Gowans,405 So.2d 134 (Ala. 1981), and remand the *Page 439 
case for further proceedings consistent with this opinion.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES and STEAGALL, JJ., concur.
KENNEDY, J., concurs in the result.
MADDOX, J., dissents.