I dissent because, like Judge Thigpen, I do not believe the undisclosed information (the existence of the "rate differential") was a material fact. The majority's holding that this fact was material and should have been divulged means that there is no component of a seller's pricing structure that will not be subject to mandatory disclosure upon request — even if that component is perfectly legal and is applied across-the-board to all prospective buyers.
I also think that Bramlett's reliance on the representation that the 15.49% interest rate quoted to him by Adamson Ford was the "best rate possible," was unjustifiable as a matter of law.
Under the justifiable reliance standard,
 " '[a] plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully comprehend the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant's representation if that representation is 'one so patently and obviously false that he must have closed his eyes to avoid the discovery of the truth.' "
Hickox v. Stover, 551 So.2d 259, 263 (Ala. 1989) (quoting Southern States Ford, Inc. v. Proctor, 541 So.2d 1081, 1091-92
(Ala. 1989) (Hornsby, C.J., concurring specially)).
Bramlett testified by deposition that he had bought and sold between 200 and 300 cars in his lifetime. He had financed between 10 and 20 of those vehicles. Less than 3 weeks before the transaction at issue in this case, Bramlett had bought and financed a vehicle from another Ford dealership at an interest rate of 12.75% — more than 2 1/2 percentage points below the rate he was quoted by Adamson. When Bramlett was asked whether he mentioned to Adamson the fact that he had recently gotten a lower interest rate on a car loan from another dealer, the following occurred:
 "A. I trusted my finance and insurance man to do the best he could for me. Because I had bought several vehicles, I assumed — which you know what 'assume' does — but I assumed that he would do what was best for me. And that's as much as I can go on. . . . And, as I mentioned, I'm not a comparison shopper. And I take — sometimes take people at their word too quick. And the man said, 'this is the best I can do on a vehicle and we're out there dickering about the price of the vehicle, I'll argue with him. But when he sits there behind the desk with the financing and he's got the computer, he knows what lenders will do. He knows my situation and what he can do. And I took him at his word that he would do the best he could for me.
 "Q. But as you were sitting there that day, you knew that you could shop the interest rates?
 "A. Sure, I knew that I could shop interest rate[s]. . . . But I was out to buy the vehicle, not shop."
Bramlett further testified:
 "Q. Mr. Bramlett, in the past when you bought — traded all these cars that you talked about buying and trading, did you ever go to one dealer and see a particular car that you liked and negotiate a price on, weren't satisfied with the price, and go to another dealer and get a better deal?
"A. On the car?
"Q. Yes, sir.
"A. Per se?
"Q. Yes, sir.
"A. No, I don't shop dealers.
"Q. You just don't shop, period?
 "A. I go — if I see something I want, if I can buy it, I buy it. I'm not a shopper. I do K-Mart the same way and Wal-Mart the same way. I usually know what I want when I go, and that's what I go buy." *Page 781 
Bramlett acknowledged that he could have "shop[ped] interest rates," but he did not do so here. He conceded that he was not a comparison shopper and that sometimes he "[took] people at their word too quick." Although he claims that he trusted Adamson to give him the best deal on interest rates, he had received a substantially better deal on interest rates only three weeks earlier from another dealer. Under the circumstances, Bramlett's reliance was unjustifiable.
In Lucky Manufacturing Co. v. Activation, Inc.,406 So.2d 900, 905 (Ala. 1981), the Alabama Supreme Court held that the buyer of a hydraulic pump could not have relied on the seller's alleged misrepresentation about the pump when the buyer had previously purchased the same type of pump and tested it for a year. Although Lucky Manufacturing is a pre-Hickox fraud case, the principle is the same: Bramlett had no right to rely on Adamson's representation that it had obtained for him the best available interest rate when, less than a month earlier, another dealer had given him a better rate. See Osborne v.Weil, 628 So.2d 436, 438 (Ala. 1993).