**DeKALB AGRESEARCH, INC., a Delaware Corporation, Plaintiff, Counter-Defendant,**

v.

**Ralph ABBOTT, Individually and d/b/a Abbott Egg Farms No. 120, Abbott Egg Farms, Inc., Defendant, Counter-Plaintiff.**

Civ. A. No. 72–665.

United States District Court,
N. D. Alabama, S. D.

Feb. 4, 1974.

George C. Hawkins, Gadsden, Ala., Euel A. Screws, Jr., Hobbs, Copeland, Franco & Screws, Montgomery, Ala., for plaintiff.

R. B. Jones, Birmingham, Ala., for defendant.

## MEMORANDUM OF OPINION

POINTER, District Judge.

This cause arises upon motion of DeKalb, counterclaim defendant, for summary judgment pursuant to Rule 56, F.R.C.P. It is without dispute that the contract attached to counterclaim defendant's motion is a true copy of the written agreement between the parties with respect to the subject matter which gives rise to this litigation.

The court, having studied the pleadings, depositions, answers to interrogatories, and the affidavits on file, together with the briefs of the parties pursuant to said motion, is of the opinion that there is no genuine issue as to certain material facts [1] and that the counterclaim defendant, DeKalb, is, therefore, entitled to a judgment as a matter of law.

The counterclaim under consideration herein alleges the breach of various express and implied warranties allegedly made by DeKalb to Abbott with respect to the transaction covered by the aforementioned contract.

█ Pursuant to the contract between the parties, DeKalb agreed to lease certain hens, known as Parent Stock, and the eggs therefrom, known as Hatching Eggs, to Abbott for the purpose of producing off-spring to be known as DeKalb Chix. Under the terms of paragraphs 3, 4, 5, and 6 of the contract, DeKalb retains title to such Parent Stock and Hatching Eggs, and Abbott is precluded from selling or otherwise disposing of same without the express written consent of DeKalb. Paragraph 25, additionally, provides for termination of the agreement by either party upon written notice at least thirty days in advance of such termination. Such contract terms lead the court to the conclusion that the contract is a lease arrangement between the parties. As this contract is a lease, it is not cov-

---

1. While a factual dispute exists between the parties respecting the timeliness of notice of breach of warranty, such does not affect the appropriateness of summary judgment.

ered by the Uniform Commercial Code,[2] and is, therefore, dependent upon the common law and the law of contracts for its construction and effect.[3]

█ A bailment or lease arrangement may give rise to an action for breach of an implied warranty such as fitness for a particular purpose. *See, e. g.,* Mallory S. S. Co. v. Druhan, 17 Ala.App. 365, 84 So. 874 (Ala.App.1920). Such an implied warranty, however, is conditioned upon the absence of specific contract terms to the contrary:

> Where there is a bailment for the mutual benefit of the parties, as for hire, there is imposed on the bailor, *in the absence of a special contract or representation,* an obligation that the thing or property bailed for use shall be reasonably fit for the purposes ·or capable of the use known or intended.

Aircraft Sales & Service v. Gantt, 255 Ala. 508, 511, 52 So.2d 388, 391 (1951) (emphasis added).

█ In the instant case, paragraph 23 of the contract between the parties contains language that, under the common law of this state, is sufficient to waive or avoid any indication of an implied warranty. Simply stated, a contract between the parties which is clear and unambiguous as to their requisite responsibilities, *or lack of same,* controls the relationship with respect to allegations of breach of implied warranty in a bailment or lease arrangement. ·Additionally, the general rule of contract law is that when the parties reduce their agreements and obligations to writing, the writing in the absence of mistake or fraud is the sole expositor of the transaction and intention of the parties; and a court cannot, under the guise of construction provide a new and different contract for the parties. Joseph v. Hopkins, 276 Ala. 18, 158 So.2d 660 (1963);

Percoff v. Solomon, 259 Ala. 482, 67 So. 2d 31 (1953).

As the counterclaim plaintiff herein has made no allegations respecting fraud or mistake, the written contract is controlling. Under the terms of the contract, therefore, Abbott has no implied warranties in its favor upon which to base an action for breach of implied warranties.

Additionally, no express warranties respecting the lease arrangement, of the sort claimed by Abbott to have been breached, are to be found within the contract executed by the parties.

Should the contract between the parties be construed as a contract of sale (rather than a lease), as suggested by Abbott, thereby bringing the transaction within the purview of the Uniform Commercial Code, the same result would occur.

As stated previously, the bargain between the parties provides for no express warranties respecting the goods involved therein upon which Abbott could base an action for breach of warranty.

Implied warranties of merchantability and fitness for particular purpose are implied in all contracts of sale, if the transaction conforms to those requirements of U.C.C. §§ 2–314, 2–315 and such implied warranties are not properly excluded. The standard for exclusion of implied warranties is found in U.C.C. § 2–316(2) and (3).

█ In this regard, U.C.C. § 2–316(3)(a) provides that "unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is'. . . ." Such an "as is" exclusionary clause is found in paragraph 23 of the contract herein involved and has the legal effect of excluding all implied warranties. The

---

**2.** *See, e. g.,* U.C.C. §§ 2–201, 2–313, 2–314, 2–315, and 2–316.

**3.** While paragraph 27 of the contract recites that Illinois law controls, the parties have

stipulated that the case is submitted to the court on the basis of Alabama law.

key to this issue is whether such an "as is" clause must be conspicuous to be valid. While U.C.C. § 2–316(2) requires general language of disclaimer concerning the implied warranties of merchantability and fitness to be conspicuous, U.C.C. § 2–316(3) (the "as is" exclusion) has no such requirement and is to be read "notwithstanding subsection (2)." The court holds, therefore, that "as is" type clauses are not subject to a requirement of conspicuousness. *See* U.C.C. § 2–316 and the official Comment thereto. *See also* Henson and Davenport, Uniform Laws Annotated, Vol. 1, § 2–316; Vol. 4, § 2–316 (West, 1968).

## CONCLUSION

For the reasons indicated above, the court concludes that counter-claim plaintiff, Abbott, has neither express nor implied warranties in its favor upon which this action for breach of warranty can be based. Counterclaim defendant's motion for summary judgment is, therefore, granted by separate order.