This appeal arises from the Jefferson County Circuit Court's grant of summary judgment in favor of defendants, Forke Brothers Auctioneers and Magic City Trucking Service, Inc., in a suit involving the purchase of a truck. We affirm.
On Thursday, May 12, 1983, Forke Brothers Auctioneers (Forke Brothers) conducted an auction at which vehicles owned by Magic City Trucking Service, Inc. (Magic City) were sold. Plaintiffs James Smith, Sr., and James Smith, Jr. (representing Pell *Page 695 
City Wood, Inc.), and James Tice (representing Allison Trucking Company) attended the auction. Upon their arrival, the three men registered under the name Pell City Wood, Inc., and each was given an auction brochure. Printed on each of the first three pages of the brochure were disclaimers of warranty, and these three pages were followed by descriptions of the property to be auctioned.
The following language appeared on the cover of the brochure: "Condition of equipment in this catalog is merely a guide and is in no way a warranty or guarantee, actual or implied. All equipment is sold `As is, where is.'" At the bottom of page two, the following paragraph was printed:
 NOTICE: The above categories of condition are believed to describe the equipment and have been conscientiously set forth by the owner. The equipment is available for public inspection and the foregoing is merely a guide. The condition as set forth on each piece is in no way a warranty or guarantee, actual or implied.
Finally, page three contained the following disclaimer: "All of the equipment in this Auction is being sold `As is, Where-Is.' Conditions in this catalog are to be used as a guide only, and are not a warranty or guarantee."
James Smith, Jr., the person who ultimately purchased the truck for Pell City Wood, Inc., acknowledged that he read the entire brochure, including the disclaimers, before bidding on the truck. He also admitted that he spoke with no one from either Forke Brothers or Magic City about the truck prior to its purchase, and that, other than the words of the auctioneer, the only "representation" concerning the truck came from the brochure. Smith was given an opportunity to inspect the truck prior to purchase, and he did inspect it. Subsequent to its purchase, Smith drove the truck away from the auction, but, approximately seven miles down the road, the truck broke down. Smith later discovered that there was a crack in the engine block, which required repairs totalling $8,927.00. Smith contacted Forke Brothers with regard to the defect in the truck, but there was no showing that Magic City was ever notified of the situation.
On March 12, 1984, plaintiffs filed suit for rescission, breach of warranty, and fraud against Forke Brothers and Magic City. Defendants filed motions for summary judgment, which were granted by the court on August 30, 1984, and this appeal followed.
It is well settled in Alabama that summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P., First National Bank of Birmingham v. Culberson,342 So.2d 347 (Ala. 1977). Plaintiffs claim that an issue of fact was created as to whether the representations made by the auctioneer, or those printed in the brochure, were either false representations upon which a claim for fraud could be based, or amounted to express warranties. We disagree.
The statements of the auctioneer that "the trucks are in good condition," and "the trucks are ready to work tomorrow" are clearly an example of "puffing" on the part of the auctioneer in an attempt to get more money at sale. Even if they are not classified as "puffing," at best these statements are simply the auctioneer's opinion or commendation of the trucks which, according to Code 1975, § 7-2-313 (2), do not rise to the level of an express warranty.
Regarding the statements in the brochure, plaintiffs have failed to offer even a scintilla of evidence that these "representations" would constitute either express warranties or misrepresentations upon which a claim for fraud could be based. In three different places in the brochure there is language stating that the equipment was being sold "as is, where is." This "as is" language has been held to place with the buyer the entire risk as to the quality of the goods purchased. Code 1975, § 7-2-316, Official Comment 7 (Repl.Vol. 1984). James Smith admitted that he read all the disclaimers contained in the brochure and that he understood what "as is" meant, because he had sold items "as is" in the past. Smith also conceded that *Page 696 
he read and understood the language found in at least three places in the brochure to the effect that the conditions of the equipment listed in the brochure were to be used only as aguide and that nothing printed therein was to be taken as a warranty, express or implied. Furthermore, there were provisions included in the brochure which put potential buyers on notice that, although these descriptions of the equipment were conscientiously set forth by the owner, "neither the owner nor the Auctioneers are responsible for any errors in description or condition."
James Smith read the entire brochure before bidding on any equipment. Despite all the warnings printed in the brochure, he decided to bid on, and ultimately purchased, the truck which later broke down. We fail to see how the defendants could have done any more to warn potential buyers than was done in this case. Smith was fully aware of what might happen, and he cannot be allowed to recover for what has turned out to be a bad deal.
For all of the above-stated reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES and ALMON, JJ., concur.