885 P.2d 174

Willie G. WAGNER, dba Wagner's Auto Body & Sales, Plaintiff/Counterdefendant/Appellee/Cross–Appellant,

v.

John RAO and Cathy RAO, husband and wife, Defendants/Counterclaimants/Appellants/Cross–Appellees.

No. 2 CA–CV 94–0129.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 31, 1994.

Auto Body & Sales, in his breach of contract action and from its dismissal of appellants John and Cathy Rao's counterclaim alleging fraud. The issue presented is whether an "as is" provision and an integration clause in a contract for the sale of a "classic car" precluded the Raos' fraud claim as a defense to its enforcement.[1] Essentially, we must determine whether Rao, by signing the contract, gave up any right to rely on Wagner's prior representations about the condition of the car.

## Standard of Review

Summary judgment is proper where the facts produced in support of the claim or defense have so little probative value that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense and there are no genuine issues of material fact. *Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (1990). In reviewing a grant of summary judgment, we view the evidence in a light favorable to the opposing party. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 309–10, 802 P.2d at 1008–09 (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202, 216 (1986)).

## Factual and Procedural Background

In March 1992, Wagner took a 1967 Mercedes 300SE convertible to Las Vegas, Nevada to be sold at the Kruse Classic Car Auction. It was displayed at the auction for three days, but did not sell because the bidding did not meet Wagner's reserve price. John Rao was at the auction attempting to sell a car of his own. According to Rao, after he saw the Mercedes on display, Wagner approached him and they discussed Rao's purchasing the car. Wagner told him that the car was a "ground up restoration," a term understood by car restorers to mean that the vehicle had been restored to near

Kenneth W. Schutt, Jr., P.C. by Kenneth W. Schutt, Jr. and Michael A. Cordier, Scottsdale, for plaintiff/counterdefendant/appellee/cross-appellant.

Palmer Law Offices by Adam P. Palmer, Phoenix, for defendants/counterclaimants/appellants/cross-appellees.

## OPINION

ESPINOSA, Presiding Judge.

This appeal is taken from the trial court's granting of summary judgment in favor of appellee Willie G. Wagner, dba Wagner's

---

1. Although the Raos failed to directly challenge the contract in their response to the motion for summary judgment, their counterclaim seeking rescission and their arguments both below and on appeal essentially set forth an affirmative challenge to the validity of the contract. We see no reason to engage in separate contract and tort analyses under the facts and arguments raised. *See generally* 2 Dan B. Dobbs, *Law of Remedies* § 9.1 at 545–46 (1993).

"show room" condition. This representation was also made in a cardboard advertisement in the window of the Mercedes. Wagner and Rao could not agree on a sale price and Rao returned to his home in Arizona.

That evening, Wagner telephoned Rao and they again discussed Rao's purchasing the vehicle. Rao agreed to buy the Mercedes for $16,000 cash plus either a forty-foot enclosed aluminum trailer or an additional $17,500 in cash. Since Rao had not inspected the Mercedes, he requested that it be delivered during the day. The car was not delivered until 8:00 p.m. the following day and Rao was unable to inspect it due to the late hour. He nevertheless signed a "Used Vehicle Order" without reading the entire document and tendered a check payable to Wagner for $16,000, allegedly because the driver wished to return to Kansas that night.

The vehicle order, a preprinted, double-sided, one-page document, in addition to certain handwritten terms, provided prominently on the front page that the vehicle was being "*SOLD AS IS* ... without any guarantee, express or implied." On the back page, it stated that "[a]ll promises, statements, understandings or agreements of any kind pertaining to this contract not specified herein are hereby expressly waived." Rao signed the order in two places, after the "as is" provision and directly below a paragraph that stated, "I have read the face and back of this order, and agree to this purchase contract."

A few days after signing the contract, Rao inspected the car and discovered rust on the entire undercarriage. He also found that the windshield wiper motor had been disconnected and that when it was connected, the wipers operated continuously. Around this time, Rao received an offer from a third party to buy his trailer for $19,000. Rao then took the Mercedes to be inspected by two auto body shops, which identified a number of other latent defects. On April 9, Rao sold the trailer to the third party. Rao later informed Wagner that he had misrepresented the condition and quality of the car and demanded that Wagner return his money in full. Wagner refused and demanded delivery of the trailer.

A couple of months later, Wagner sued the Raos for breach of contract. They answered and counterclaimed, alleging fraudulent misrepresentation and concealment. Wagner moved for summary judgment, arguing that Rao had breached the contract by failing to deliver the trailer. Wagner also sought summary judgment on the Raos' counterclaim, contending that Rao had waived his right to assert any warranties, promises or representations not expressly set forth in the contract. The Raos did not directly oppose the breach of contract claim, but instead challenged summary judgment on the basis of their counterclaim, contending that the contract did not limit their tort remedies and that fact issues existed. The trial court granted summary judgment and dismissed the Raos' tort claims, finding "there was no 'battle of the forms,' the parties were on 'equal footing' during the negotiation process, and the waiver was knowingly bargained for." Because we find that the Raos' factually supported allegations of misrepresentation require a different analysis, and that consequently, there are genuine issues of material fact, we reverse.

### "As Is" Clause

As a general rule, the words "as is" in a contract do not deprive a buyer of the right to prove fraud or misrepresentation inducing execution of the contract. *See CNC Service Center, Inc. v. CNC Service Center, Inc.*, 731 F.Supp. 293 (N.D.Ill.1990); *Reilly v. Mosley*, 165 Ga.App. 479, 301 S.E.2d 649 (1983); *St. Croix Printing Equipment, Inc. v. Rockwell International Corp.*, 428 N.W.2d 877 (Minn.App.1988); *Leavitt v. Stanley*, 132 N.H. 727, 571 A.2d 269 (1990). *See also* Elizabeth T. Tsai, Annotation, *Liability for Representations and Express Warranties in Connection with Sale of Used Motor Vehicle*, 36 A.L.R.3d 125 at § 16[b] (1971). The principle expressed in the rule is that when fraud enters into a transaction to the extent of inducing execution of a written document, the instrument never becomes a valid contract, and the party seeking to rescind the contract is not bound by its terms. *City Dodge, Inc. v. Gardner*, 232 Ga. 766, 208 S.E.2d 794 (1974); *see Sarwark Motor Sales, Inc. v.*

*Husband,* 5 Ariz.App. 304, 426 P.2d 404 (1967). This rule acknowledges the reality of contractual transactions and recognizes that affirmative representations of fact often go to the heart of the bargain. *See* A.R.S. §§ 47–2313 and 47–2316(A) (Arizona Uniform Commercial Code provisions governing creation and exclusion of express warranties).

In a setting similar to the case at hand, this court declined to enforce a contractual exclusion of warranties when there was a material misrepresentation preceding a sale. In *Sarwark,* a car dealer had advertised a used car as, among other things, having "[v]ery low mileage." 5 Ariz.App. at 306, 426 P.2d at 406. After responding to the ad, the purchaser signed a contract expressly negating any warranty as to mileage and stating that the purchase was "As Is–No Guarantee." Subsequently, the buyer learned that the mileage shown on the odometer was not the true mileage, and he sought to rescind the contract on the ground of fraud. In defense, the dealer argued that the contract negated any warranty as to model, mileage, or condition. Following a jury verdict in favor of the buyer, we affirmed, holding that the jury was justified in finding that he was entitled to rely on the dealer's representation notwithstanding the "as is" clause.

■ The situation in this case is virtually indistinguishable from *Sarwark. See also Reilly.* We therefore find that Rao's claim of fraud was not precluded by the "as is" language in the contract. However, we must also consider the effect of the integration clause on Rao's claim.

### Integration Clause

■ Although parties may contractually disclaim potential tort liability by a clear expression of intent to do so, *Salt River Project Agricultural Improvement & Power Dist. v. Westinghouse Electric Corp.,* 143 Ariz. 368, 694 P.2d 198 (1984), our courts have carved out an exception for cases involving fraud. *See Lufty v. R.D. Roper & Sons Motor Co.,* 57 Ariz. 495, 115 P.2d 161 (1941); *Hill v. Jones,* 151 Ariz. 81, 725 P.2d 1115 (App.1986). In *Lufty,* the Arizona Supreme Court considered the effect of an integration clause in a contract for the purchase of a Cord sedan that was similar to the clause used here. There, the seller represented to the buyer that the car was a 1937 model when in fact it was a 1936 model. In finding the integration clause unenforceable, the court concluded that "any provision in a contract making it possible for a party thereto to free himself from the consequences of his own fraud in procuring its execution is invalid and necessarily constitutes no defense." 57 Ariz. at 506, 115 P.2d at 166.

In *Hill,* the issue was whether a home seller had a duty to disclose to the buyer the existence of termite damage, which was known to the seller but not to the buyer and which materially affected the value of the residence. The trial court dismissed the buyers' claim for misrepresentation based upon an integration clause in the contract disclaiming any representations not specified therein. Relying on *Lufty,* Division One of this court reversed, holding that "the clause could not shield sellers from liability should buyers be able to prove fraud." *Hill,* 151 Ariz. at 83, 725 P.2d at 1117.

This court followed *Hill* in *Formento v. Encanto Business Park,* 154 Ariz. 495, 744 P.2d 22 (App.1987). In that case, the trial court had precluded evidence of Encanto's alleged negligent misrepresentations and express warranties, made both before and after the execution of the parties' agreement, which contained an integration clause and an express disclaimer of representations. We reversed, holding that the parol evidence rule does not bar evidence of fraud in the inducement of a contract and that a seller should not be permitted to hide behind an integration clause to avoid the consequences of a misrepresentation.

"Although the law of contracts supports the finality of transactions, ... courts have recognized that under certain limited circumstances it is unjust to strictly enforce the policy favoring finality....

There is also a judicial policy promoting honesty and fair dealing in business relationships. The policy is expressed in the law of fraudulent and negligent misrepresentations. Where a misrepresentation is fraudulent or where a negligent misrepre-

sentation is one of material fact, the policy of finality rightly gives way to the policy of promoting honest dealings between the parties."

*Id.* at 499, 744 P.2d at 26 (quoting *Hill,* 151 Ariz. at 84, 725 P.2d at 1118); *see also City Dodge, Inc.;* Restatement (Second) of Contracts § 164(1) (1981).

Here, it is undisputed that Wagner advertised and affirmatively represented the Mercedes as a "ground up restoration" during negotiations with Rao. We conclude that the question of whether Rao waived any right to rely on those representations cannot be determined on the basis of the existence of the "as is" provision or the integration clause in the contract. Accordingly, Rao is entitled to a trial on the merits and to present evidence on whether Wagner's representations were false or fraudulent and whether Rao relied on the representations in entering the contract. *Formento.* Of course, Wagner is entitled to introduce evidence to the contrary, including any relating to the reasonableness of Rao's reliance and his motivation in renouncing the contract.

## Disposition

The trial court's grant of summary judgment for Wagner and dismissal of the Raos' fraud claim are reversed. The case is remanded for further proceedings and the award of Wagner's attorney's fees is vacated as premature. In light of our disposition, we do not address Wagner's cross-appeal.

DRUKE, C.J., and HATHAWAY, J., concur.