DONALD SNELTEN, Plaintiff-Appellant, v. SCHMIDT IMPLEMENT COMPANY, Defendant-Appellee.

Second District    No. 2—94—0776

Opinion filed March 13, 1995.

David L. Cwik, of Chicago, for appellant.

Michael B. Kilgallon, D. Kendall Griffith, Joshua G. Vincent, and Kristin E. Hutson, all of Hinshaw & Culbertson, of Chicago, for appellee.

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiff, Donald Snelten, appeals from the trial court's order dismissing his complaint with prejudice. In his amended two-count complaint, Snelten alleged defendant, Schmidt Implement Company, was negligent in that it failed to inspect properly, observe, or discover that the used tractor it sold to plaintiff had been altered in a manner which bypassed the neutral safety switch. Plaintiff alleged he was hurt as a result of that alteration because plaintiff started the tractor while it was in gear and it ran over him, fracturing his pelvis. The second count of the complaint alleged negligent misrepresentation. The complaint stated defendant represented in writing the equipment had not been modified or altered and it had been serviced, adjusted and inspected according to the manufacturer's recommendations. Plaintiff further alleged that oral representations had been made by the salesman which plaintiff claims clarify the written notation that the tractor was sold "as is." The trial court originally dismissed the complaint without prejudice, but then dismissed it with prejudice when plaintiff did not file an amended complaint but instead filed a motion to reconsider. We reverse.

On appeal, plaintiff's complaint does not rest on an assumption that defendant had a common-law duty to inspect; plaintiff acknowledges the law does not impose such a duty when the dealer is selling used equipment. (See *Peterson v. Lou Bachrodt Chevrolet Co.* (1975), 61 Ill. 2d 17, 21; *Rahn v. Gerdts* (1983), 119 Ill. App. 3d 781, 786-87.) Plaintiff relies on the premise that "liability can arise from the negligent performance of a voluntary undertaking." (*Nelson v. Union*

*Wire Rope Corp.* (1964), 31 Ill. 2d 69, 74.) Plaintiff argues that once a duty is undertaken defendant must perform it with "due care or ' "such competence and skill as [one] possesses." ' " (*Frye v. Medical-Glaser Corp.* (1992), 153 Ill. 2d 26, 32, quoting *Cross v. Wells Fargo Alarm Services* (1980), 82 Ill. 2d 313, 317, quoting *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 74.) Here, plaintiff contends defendant did not. Defendant's position below and here on appeal is that it undertook no duty to inspect the tractor and this is evidenced by the use of the phrase "as is" on the purchase order. Defendant contends the term "as is" implies a warning to the buyer that he may be purchasing a product which has faults. (*Overland Bond & Investment Corp. v. Howard* (1972), 9 Ill. App. 3d 348, 356.) Defendant relies on the case of *Pelc v. Simmons* (1993), 249 Ill. App. 3d 852, to argue that we cannot consider oral representations which take away from the meaning of "as is."

We agree with plaintiff that *Pelc* does not support defendant's argument. *Pelc* only holds that the defendant's prior oral representation, that he had rebuilt the engine, did not create an express warranty where the car was sold "as is." (*Pelc*, 249 Ill. App. 3d at 856.) Furthermore, unlike the case of *Pokrajac v. Wade Motors, Inc.* (1954), 266 Wis. 398, 63 N.W.2d 720, cited by defendant, where the court held there was no duty of the seller to the buyer of the used car in light of the "as is" language on the contract, here the contract contained additional language at odds with the "as is" language. We must determine whether these extra representations may have negated the usual meaning of "as is" such that defendant could have voluntarily undertaken a duty to use due care in its inspection of the tractor and whether plaintiff could justifiably rely on the representations made such that a cause of action for negligent misrepresentation was sufficiently alleged.

This is a case of first impression in Illinois. Prior cases dealing with "as is" language have involved (1) a conflict between a prior oral affirmation or description and later written exclusionary language (*Pelc*, 249 Ill. App. 3d 852); (2) exclusionary language directly supported by consideration on the seller's part, thereby indicating the disclaimer was bargained for (*Van Gessel v. Folds* (1991), 210 Ill. App. 3d 403); or (3) a prior written affirmation or description that was subsequently omitted from the final contract (*Lake Bluff Heating & Air Conditioning Supply, Inc. v. Harris Trust & Savings Bank* (1983), 117 Ill. App. 3d 284). Here, we confront a conflict between express written affirmations and descriptions and an "as is" provision, both appearing within the four corners of the final contract.

In this case, the purchase order had a handwritten notation stating "Sold As Is With No Guaranties" and also, "Note: Some Items On Tractor Don't Work." Also on this document was a section entitled "Dealer's Check & Customer's Acceptance" (dealer's check), and the parties now disagree about the meaning of this section. That section reads:

| | "Yes | No |
|---|---|---|
| All guards and shields in place and points of danger protected | X | |
| Rollover Protection Structure (ROPS) in place | | X |
| Equipment modified or altered (Give details and date on reverse side) | | X |
| Equipment serviced, adjusted, inspected according to manufacturer's recommendations | X | |
| Operator's manual provided: As listed above | X | |
| Safe operating and proper servicing instructions given. | X" | |

Under the dealer's check section was the printed statement, "I have received the above equipment, read the above checklist, and inspected the equipment to my satisfaction. I am familiar with its safe operation. I realize that if the equipment is 'USED' it is not expected to perform as, or have features which may be offered on newer models." Plaintiff signed and dated the form below the statement. On another page of the purchase order, a box was checked next to a printed statement that the equipment was sold "as is" and that no warranty of any kind was given.

Reading the purchase order as a whole, we conclude defendant's specific representations contained in the dealer's check section limited the scope of the "as is" language. Here, defendant checked boxes indicating defendant had performed certain acts related to the safe operation of the tractor. The representations that certain safety features were present and that equipment had not been modified or altered, *a fortiori* included a representation that an inspection had been made. Under these circumstances, the "as is" language did not necessarily mean defendant undertook no duties toward plaintiff.

Defendant urges us to interpret the dealer's check provisions to mean that where the "no" box is checked next to the phrase "equipment modified or altered" defendant did not perform an inspection to determine whether the equipment had been modified or altered. To read these provisions in this manner would mean that by checking the "yes" box next to "[s]afe operating and proper servicing instruc-

tions given," defendant was only representing it had checked to see if instructions were given, but did not represent they had been given. This interpretation is unreasonably strained and would render the representations contained in the dealer's check provisions meaningless. It is presumed contracting parties intend all portions of their contract to carry meaning and no portion was meant to be mere surplusage. (See *Taber v. Taber* (1993), 248 Ill. App. 3d 435, 438.) We, therefore, decline to adopt defendant's interpretation of the dealer's check provisions. The representations contained in the dealer's check provisions indicate the equipment (1) had not been altered or modified; and (2) had been serviced, adjusted and inspected according to the manufacturer's recommendations.

■ Contracts should be construed so their various provisions are harmonized and no provision is deemed conflicting with, or repugnant to, another. (*Zannis v. Lake Shore Radiologists, Ltd.* (1979), 73 Ill. App. 3d 901, 906.) The "as is" language must be read as limited in its scope, meaning some of the tractor features might not operate correctly although none of the features had been altered or modified. A specific representation that no feature had been altered or modified controls over the more general "as is" language. See *Ohio Casualty Insurance Co. v. Tyler* (1980), 85 Ill. App. 3d 410, 413.

■ Tort and warranty provide avenues of recovery for distinct forms of injury. In negligent misrepresentation actions, damages may only be awarded for physical injuries suffered or for economic loss if, and only if, the defendant is in the business of supplying information for the guidance of others in their business transactions. (*Board of Education v. A,C&S, Inc.* (1989), 131 Ill. 2d 428, 453-54.) Economic loss, without accompanying physical injury, is not generally recoverable in tort. *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 80-81, citing *Seely v. White Motor Co.* (1965), 63 Cal. 2d 9, 18, 403 P.2d 145, 151, 45 Cal. Rptr. 17, 23.

■ If plaintiff had suffered an economic rather than a physical injury, he would have had to proceed under a warranty theory and defendant could not claim the "as is" language excluded the affirmations and descriptions contained in the dealer's check section. Under the Uniform Commercial Code (Code) (810 ILCS 5/1—101 *et seq.* (West 1992)), disclaimer of an affirmation or description found to be an express warranty is invalid if inconsistent with the terms of the agreement. (*Alan Wood Steel Co. v. Capital Equipment Enterprises, Inc.* (1976), 39 Ill. App. 3d 48, 56.) Comment 4 to section 2—313 of the Code provides:

"4. In view of the principle that the whole purpose of the law of warranty is to determine what it is that the seller has in essence

agreed to sell, the policy is adopted of those cases which refuse except in unusual circumstances to recognize a material deletion of the seller's obligation. Thus, *a contract is normally a contract for a sale of something describable and described.* A clause generally disclaiming 'all warranties, express or implied' *cannot reduce the seller's obligation with respect to such description* and therefore cannot be given literal effect under [s]ection 2—316." (Emphasis added.) (810 ILCS 5/2—313, Uniform Commercial Code Comment 4, at 169-70 (Smith-Hurd 1993).)

Comment 1 to section 2—316 (exclusion or modification of warranties) states "[t]his section *** seeks to protect a buyer from unexpected and unbargained language of disclaimer by denying effect to such language when inconsistent with language of express warranty." (810 ILCS 5/2—316, Uniform Commercial Code Comment 1, at 230 (Smith-Hurd 1993).) If we assume *arguendo* the written affirmations and descriptions contained in the dealer's check section created an express warranty, it would be impermissible for defendant to assert the "as is" language excluded the warranty. This is because the dealer's check provisions are fundamentally inconsistent with the "as is" provision.

█ In an express warranty action, an affirmation or description integrated into the basis of the bargain is a necessary precursor to a cause of action. So too in a negligence action based on contract, plaintiffs must prove a duty arises from the underlying instrument. Use of "as is" language cannot prevent an affirmation or description expressly included in the final contract from becoming a basis of the bargain. (See *Lake Bluff Heating*, 117 Ill. App. 3d at 293.) Neither should such words prevent express contractual language from giving rise to a duty. The same policy underlying section 2—213's prohibition on the exclusion of express warranties, *i.e.*, people have a right to the benefit of what the seller has agreed to sell, should be applied to negligent misrepresentation actions; people should have the benefit of duties that the seller has agreed to undertake based on the express representations included in their final contract. We hold that when a written contract contains a specific, written, affirmative representation, the inclusion of general "as is," "with all faults" or like language does not, in and of itself, relieve the party making the statement of a duty arising from the statement.

We refuse to accept defendant's argument that appending a blanket exclusionary provision to a contract renders it impossible for a seller to voluntarily undertake a duty based upon the express terms of that instrument. Accepting defendant's argument would deny a cause of action to a plaintiff whose contract contained demonstrably

false statements, along with a blanket exclusionary provision, unless the plaintiff suffered an economic injury. The plaintiff suffering an economic injury could maintain a warranty action. The plaintiff suffering physical injury, however, would be denied a cause of action by operation of the exclusionary provision. This is an absurd result.

■ The trial court should dismiss a cause of action on the pleadings only if it is clearly apparent no set of facts can be proven which will entitle a plaintiff to recover. (*La Salle National Trust v. Village of Mettawa* (1993), 249 Ill. App. 3d 550, 557.) When the legal sufficiency of the complaint is challenged by a motion to strike or dismiss, all well-pleaded facts in the complaint and reasonable inferences therefrom are to be taken as true. (*Sharps v. Stein* (1980), 90 Ill. App. 3d 435, 438.) The reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.

■ Interpreting the allegations of the complaint in the light most favorable to plaintiff, we find the complaint sufficiently sets forth facts which, when taken as true, could entitle plaintiff to prevail on a claim of negligence. To state a cause of action for a gratuitously performed negligent inspection, the complaint must allege a party performed an inspection under circumstances which created a duty to perform the inspection with due care and the undertaking was negligently performed with the negligence resulting proximately in plaintiff's injury. (*Nelson*, 31 Ill. 2d at 75.) Specific facts were alleged showing plaintiff had knowledge defendant had inspected the tractor, defendant did not use due care in performing the inspection and, as a result of the failure to discover that the neutral safety switch was no longer working, plaintiff started the tractor in gear and it collided with plaintiff causing him injury.

■ ■ To state a cause of action for negligent misrepresentation, the complaint must again allege a duty to plaintiff, a breach of the duty and injury proximately resulting from such breach. (*Harkala v. Wildwood Realty, Inc.* (1990), 200 Ill. App. 3d 447, 456.) Restatement (Second) of Torts § 311 (1965) provides there may be liability for negligently giving false information to another if the information causes some physical harm to the person who justifiably relies on the information. The Illinois Supreme Court has stated the elements of a cause of action for negligent misrepresentation are essentially the same as those for fraudulent misrepresentation except the defendant need not know or believe the statement to be false; instead, the plaintiff need only allege the defendant was careless or negligent in

ascertaining the truth of the statement made. (*Board of Education*, 131 Ill. 2d at 452.) The elements of fraudulent misrepresentation are (1) a false statement of material fact; (2) knowledge or belief of the falsity by the party making it; (3) the intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance. (*Board of Education*, 131 Ill. 2d at 452.) The defendant must have a duty to convey accurate information to plaintiff. *Board of Education*, 131 Ill. 2d at 452.

■ We find plaintiff's complaint sufficiently alleged facts which could entitle plaintiff to relief for negligent misrepresentations. The complaint is, however, poorly drafted because it does not specifically state defendant owed a duty to plaintiff which was breached. The complaint does allege facts sufficient to establish a duty. That is, the complaint alleges defendant sold to plaintiff a used tractor and in making the sale represented to plaintiff that the equipment had not been modified or altered and that it had been serviced, adjusted, and inspected according to the manufacturer's recommendations. The complaint further alleges the representations were not true and defendant knew or should have known of their falsity. Finally, the complaint alleged that, as a result of plaintiff's reliance on the representations, he operated the tractor·in a manner which caused the tractor to roll over him and injure him.

Plaintiff alleged that oral representations were made by defendant's salesman which indicate the limited scope of the "as is" language. The existence of a duty is a question of law. (*Rowe v. State Bank* (1993), 247 Ill. App. 3d 686, 692.) Because we have found, as a matter of law, defendant owed plaintiff a duty, it is unnecessary to determine whether on remand evidence of an oral agreement between the parties should be admitted.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN, P.J., and THOMAS, J., concur.