This case requires us to decide whether, in a transaction between next-door neighbor s for the sale and purchase of a boat, the buyer could justifiably rely on the seller's oral statements as to the condition of the boat notwithstanding the existence of an "as is" disclaimer in the parties' written agreement.
Fletcher Boles and his wife Patricia Boles sued Debra Gable, alleging that Gable had fraudulently misrepresented and/or suppressed material facts concerning the condition of a boat she sold to Fletcher Boles. After a bench trial, the circuit court entered a judgment for Fletcher Boles in the amount of $5,000. Gable appeals.
The parties owned adjoining lots on Lake Martin. On March 10, 1996, Gable sold Boles her inboard/outboard runabout boat. Gable drafted, and the parties signed, the following contract:
 "Debra Gables sells to Fletcher Boles one 1992 Dynasty E-191 boat for the price of $8,000.00. This sale is made on an `AS IS' basis with no further conditions made by either buyer or seller. The serial numbers associated with this boat are as follows:
1992 Dynasty E-191 MJ104627AZPZ
1992 Yamaha Motor 6TIP-00349
1992 Tenn Trailer 1TPEBJ519N1021603.
/s/ __________ /s/ __________ Debra Gable
Fletcher Boles"
Fletcher Boles testified that before the parties signed the contract, he asked Gable whether the boat had been winterized. According to Boles, Gable said that the boat had been winterized and was in good working order. Gable admitted that she said the boat was in good working order, but she denied having told Boles that the boat had been winterized. Instead, she testified, she specifically informed Boles that the boat had not been winterized.
Three weeks after the sale, Fletcher Boles took the boat out on the lake for the first time. Boles testified that on that occasion water flooded into the engine and that he *Page 70 
could see that the engine block was cracked. At trial, boat mechanic Jerry Stroud testified that he examined the boat and determined that the engine block had frozen and cracked. Stroud explained:
 "[W]hen a block freezes and [bursts] you can look at the block; the block where the crack is was pushed out. You can tell that the freeze itself, the frozen water, pushed the block out and burst the engine in that spot."
The trial court's order does not include a specific finding of fact concerning whether Gable asserted that the boat had been winterized. Nevertheless, it is evident that, in order to enter a judgment for Boles, the trial court must have disbelieved Gable's testimony on this point.
 "Because the trial judge made no specific findings of fact, this Court will assume that the trial judge made those findings necessary to support the judgment. Under the ore tenus rule, the trial court's judgment and all implicit findings necessary to support it carry a presumption of correctness and will not be reversed unless found to be plainly and palpably wrong. The trial court's judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment."
Transamerica Commercial Finance Corp. v. AmSouth Bank, N.A.,608 So.2d 375, 378 (Ala. 1992) (citations and internal quotation marks omitted). See also Ex parte Patronas, 693 So.2d 473, 475
(Ala. 1997).
Because there was evidence to support a finding that Gable said the boat had been winterized, we must assume that Gable made that statement to Boles. The dispositive question is, therefore, whether Boles was entitled to rely on Gable's statement that the boat had been winterized, despite the parties' written agreement containing the following disclaimer: "This sale is made on as `AS IS' basis with no further conditions made by either buyer or seller."
To establish a cause of action for fraud, a buyer must first show that the seller's statements as to the condition of the property were representations of fact and not mere statements of opinion amounting to nothing more than sales talk or "puffery."McGowan v. Chrysler Corp., 631 So.2d 842 (Ala. 1993).
 "`. . . [S]tatements of opinion amounting to nothing more than "puffery" . . . are not statements concerning material facts upon which individuals have a right to act and, therefore, will not support a fraud claim.' Fincher v. Robinson Bros. Lincoln-Mercury, Inc., 583 So.2d 256, 259 (Ala. 1991).
 "`"Whether a given representation is an expression of opinion or a statement of fact depends upon all the circumstances of the particular case, such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties. The mere form of the representation as one of opinion or fact is not in itself conclusive, and in cases of doubt the question should be left to the jury."'
 "Harrell v. Dodson, 398 So.2d 272, 274-75 (Ala. 1981), quoting Fidelity Casualty Co. of New York v. J.D. Pittman Tractor Co., 244 Ala. 354, 358, 13 So.2d 669, 672 (1943) (citations omitted)."
McGowan v. Chrysler Corp., 631 So.2d at 846-47.
Citing Scoggin v. Listerhill Employees Credit Union,658 So.2d 376 (Ala. 1995), and Osborne v. Weil, 628 So.2d 436 (Ala. 1993), Gable argues that, as a matter of law, the "as is" disclaimer in the written contract precluded Boles from relying on her oral representation that the boat had been winterized.
In Scoggin, the buyer of a used car sued the seller, alleging fraud, misrepresentation, and breach of contract arising out of an odometer discrepancy. The supreme court affirmed a summary judgment for the seller because, it held, the buyer did not present substantial evidence of a misrepresentation. The buyer alleged that the seller had said that the vehicle was "a good car" or was "in good shape." Such comments are not representations of material fact but statements of opinion, "sales talk," or "puffery." See, e.g., Hughes v. Hertz Corp.,670 So.2d 882 (Ala. *Page 71 
1995) (seller's statement that vehicle was a "fine car" was not a misrepresentation of material fact but a statement of opinion);Young v. Serra Volkswagen, Inc., 579 So.2d 1337 (Ala. 1991) (statement that vehicle was "as good as a new car" constituted mere puffery); Pell City Wood, Inc. v. Forke Bros. Auctioneers,Inc., 474 So.2d 694 (Ala. 1985) (statement that trucks were "in good condition" was auctioneer's opinion and did not rise to level of express warranty).
In Osborne, the parties entered into a written agreement for the sale of commercial property. In § 4B of the contract, the sellers "warrant[ed] that . . . all equipment and fixtures [were] in good working order." 628 So.2d at 437. The contract also contained a provision stating that "[p]ersonal property is sold `as is' with no warranties." Id. Citing O'Connor v. Scott,533 So.2d 241 (Ala. 1988), our supreme court held that "the Weils could not base a fraud claim on the representation contained in § 4B of the contract concerning the condition of the equipment included in the sale." In O'Connor, the supreme court indicated that statements such as "The house is in good condition," or "The house is structurally sound," or "The appliances are in proper working order" were "statements of opinion concerning the soundness and suitability of the property," rather than representations of fact. 533 So.2d at 243.Compare Ray v. Montgomery, 399 So.2d 230, 232 (Ala. 1980) (representation of seller that house "had good support" and was "in good condition" could not be used to contradict written "as is" and "no warranty" provisions of contract when buyers later discovered termite damage; the statements were "statements of the seller's opinion and not fact" and "[s]uch a statement is actionable only if it is a misrepresentation of material fact acted upon by the party to whom it was made").
Scoggin and Osborne are distinguishable because, in those cases, comments by the sellers as to the condition of the property were mere statements of opinion and not representations of fact. In the present case, however, Gable's statement that the boat had been winterized was not a statement of opinion, but a statement of fact. Boles testified that when the parties began negotiations for the sale of the boat, the "first question [he] asked" Gable was whether the boat had been winterized. The trial court was authorized to conclude that Gable's assurance on this point was part of the basis of the parties' bargain and that Gable's representation was, therefore, an express warranty.
Section 7-2-313(1)(a), Ala. Code 1975, provides that a seller of goods creates an express warranty as to the goods by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." Section 7-2-313(2) states that "[i]t is not necessary to the creation of an express warranty that the seller use formal words such as `warrant' or `guarantee' or that he have a specific intention to make a warranty."
The "as is" clause in the contract signed by Gable and Boles "has the legal effect of excluding all implied warranties."DeKalb Agresearch Inc. v. Abbott, 391 F. Supp. 152, 154
(N. D. Ala. 1974), aff'd, 511 F.2d 1162 (5th Cir. 1975) (emphasis added). "[A]ll implied warranties are excluded by expressions like `as is,' . . . language which in common understanding calls the buyer's attention to the exclusion of warranties and makes it plain that there is no implied warranty." § 7-2-316 (3)(a), Ala. Code 1975 (emphasis added). See also Jenkins v. LandmarkChevrolet, Inc., 575 So.2d 1157, 1160 (Ala.Civ.App. 1991). A disclaimer, however, cannot defeat an express oral warranty.Tiger Motor Co. v. McMurtry, 284 Ala. 283, 290, 224 So.2d 638,644 (1969). The general rule is that an "as is" clause does not exclude prior express warranties. See, e.g., Wagner v. Rao,180 Ariz. 486, 885 P.2d 174 (Ariz.App. 1994); Reilly v. Mosley,165 Ga. App. 493, 301 S.E.2d 649 (1983); Smelten v. Schmidt ImplementCo., 269 Ill. App.3d 988, 647 N.E.2d 1071, 207 Ill.Dec. 578,appeal denied, 163 Ill.2d 588, 657 N.E.2d 639, 212 Ill.Dec. 438 (1995). Cf. Cruse v. Coldwell Banker/Graben Real Estate, Inc.,667 So.2d 714 (Ala. 1995) (home buyers' signing an "as is" agreement did not prevent their reliance on realtor's affirmative representation that house was "new"). *Page 72 
The trial court did not err by concluding that Boles had a right to rely on Gable's representation that the boat had been winterized, notwithstanding their signing an "as is" agreement.
 II.
Gable argues that the trial court erred by allowing testimony that she offered to pay for some of the repairs to the boat. When the Boleses' lawyer asked Gable whether the parties had discussed a settlement, Gable's lawyer objected, stating, "We're getting into offering compromise settlement negotiations and that's not permissible."
 "`"`It is the law of this state that, where there is no doubt that a proffered statement was an offer of compromise and was made in the negotiation of the settlement of a claim or dispute, it is error to admit such statement into evidence. However, the rule does not apply when the statement made is one [admitting] responsibility.'"'"
Norfolk Southern R.R. v. Thompson, 679 So.2d 689, 695 (Ala. 1996) (quoting Lowery v. Ward, 662 So.2d 224, 226-27 (Ala. 1995)) (quoting, in turn, Creighton v. Norris, 512 So.2d 111, 112
(Ala.Civ.App. 1987)) (citations omitted).
The trial court responded to Gable's objection: "I'm going to overrule the objection for right now. I'll listen to thetestimony. Go ahead." (Emphasis added.) The court's ruling was correct because, based on what the trial court knew at the time of the objection, Gable's offer to settle the controversy could have been admissible if it was inextricably tied to evidence that Gable admitted liability. See generally Lowery v. Ward, supra. After the court overruled her objection, Gable testified about the substance of the parties' settlement discussions. Those discussions did not include any admission of liability by Gable; they were, therefore, inadmissible. Gable did not, however, renew her objection when the inadmissibility of the evidence became apparent. Thus, she has not preserved any error for our review.
 "When evidence is admitted upon the condition that its relevance be shown by subsequent evidence, and no such showing is made, it is incumbent on the objecting party to either renew his objection or move to exclude the evidence because its relevancy was never shown."
Pugh v. State Farm Fire Cas. Co., 474 So.2d 629, 631 (Ala. 1986).
 III.
Gable contends that the trial court used the wrong measure of damages when it awarded Boles $5,000. Testimony at trial established that the Boleses paid $9,100[1] for the boat, that the boat was worth $5,000 in its damaged condition, and that the cost of repairs was between $3,937.06 and $4,937.06. In addition, the Boleses testified that they suffered mental anguish — in the form of loss of sleep, anger, and emotional upset — as a result of Gable's fraud.
In a fraud case, "[t]he buyer who elects to retain the property may recover the difference between what the property is actually worth and what it would have been worth if the property had been as represented and not the difference between the actual value and the contract price, as is generally stated in breach of contract cases." C. Gamble, Alabama Law of Damages § 36-32 at 499 (3d ed. 1994). Our supreme court has indicated that recovery of damages for mental anguish is also appropriate. See McDowellv. Key, 557 So.2d 1243, 1243 n. 1 (Ala. 1990). The trial court's damages award was well within the amount allowed by law.
The judgment of the circuit court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
[1] We recognize that this amount does not agree with the price stated in the contract. *Page 73