David Russell appeals from a judgment in favor of Kevin Wilson in the amount of $3,500. Wilson initially sued Russell in the Baldwin District Court alleging fraudulent misrepresentation and suppression relating to the "as is" sale of a motorcycle and was awarded a judgment in the amount of $3,476. On April 25, 2006, Russell timely appealed to the Baldwin Circuit Court. On October 18, 2006, the circuit court held a hearing and entered a judgment in favor of Wilson for $3,500 "plus costs of court." Russell timely filed a postjudgment motion on November 2, 2006, which was denied by operation of law on January 31, 2007.[1]See Rule 59.1, Ala. R. Civ. P. On March 13, 2007 Russell timely appealed.
The parties executed two original copies of a bill of sale for the motorcycle dated December 10, 2005. That bill of sale provides: "I, David Russell, do hereby sell this 1992 Harley X8H, VIN # 1HD4CEM10NY118405, for the sum of $3000.00 cash sold AS IS." Both parties admitted that they had signed the bill of sale. Wilson admitted that he had been involved in the "as is" sale of other used vehicles.
Wilson testified that he telephoned Russell, that they discussed the condition of the motorcycle, and that Russell explained that the "carbs needed to be tweaked, but other than that, it's in fine working order." Wilson arranged to inspect the motorcycle on a Friday evening, but when he arrived the battery for the motorcycle was not *Page 747 
working and had to be charged. Wilson returned on Saturday morning to inspect the motorcycle.
When Wilson returned, the motorcycle battery was dead. Russell used a "boost" to charge the battery so that Wilson could take the motorcycle for a test drive. Wilson testified that the motorcycle was "spitting and sputtering" when he test drove it and that he had not had the motorcycle inspected by a mechanic before his purchase of the motorcycle because he did not know a mechanic.
After purchasing the motorcycle for $3,000, Wilson left Russell's home on the vehicle. After traveling approximately three miles, the motorcycle began exhibiting problems. The following Tuesday, Wilson had the motorcycle inspected by a mechanic and learned that the motorcycle had problems that would cost approximately $3,000 to repair. Wilson telephoned Russell and sought to rescind the contract. Russell refused.
Russell testified that he told Wilson that the motorcycle "was not in good working order." Russell also admitted: "I told Mr. Wilson that that bike had issues from the front tire, to the back tire is my exact words."
Wilson attributes several statements to Russell regarding the condition of the motorcycle. Wilson claims that Russell replied "fine" in response to the specific question: "Mechanically, how is the bike?" Wilson testified that Russell expressed through conversation that the motorcycle was "mechanically sound," was "mechanically fine," and was in "good shape"
In its October 18, 2006, judgment the circuit court stated: "Judgment for Plaintiff [Wilson] and against the defendant [Russell] for the sum of $3,500.00 plus costs of court." On appeal Russell argues that the "as is" provision in the bill of sale operates to disclaim all implied warranties and that the statements attributed to him by Wilson were mere sales talk or puffery and are not sufficient to support an action for fraud. We agree with Russell that the "as is" language in the bill of sale is sufficient to disclaim all implied warranties. However, Wilson's fraud claims are based upon statements that, Wilson alleges, create an express warranty pursuant to § 7-2-313, Ala. Code 1975, and were not disclaimed by the "as is" clause in the bill of sale. This court explained in Gable v.Boles, 718 So.2d 68, 71 (Ala.Civ.App. 1998):
 "The `as is' clause in the contract signed by Gable and Boles `has the legal effect of excluding all implied warranties.' Dekalb Agresearch, Inc. v. Abbott, 391 F.Supp. 152, 154
(N.D.Ala. 1974), aff'd, 511 F.2d 1162 (5th Cir. 1975) (emphasis added). `[A]ll implied warranties are excluded by expressions like "as is," . . . language which in common understanding calls the buyer's attention to the exclusion of warranties and makes it plain that there is no implied warranty.' § 7-2-316(3)(a), Ala. Code 1975 (emphasis added). See also Jenkins v. Landmark Chevrolet, Inc., 575 So.2d 1157, 1160 (Ala.Civ.App. 1991). A disclaimer, however, cannot defeat an express oral warranty. Tiger Motor Co. v. McMurtry, 284 Ala. 283, 290, 224 So.2d 638, 644 (1969). The general rule is that an `as is' clause does not exclude prior express warranties. See, e.g., Wagner v. Rao, 180 Ariz. 486, 885 P.2d 174 (App. 1994); Reilly v. Mosley, 165 Ga.App. 479, 301 S.E.2d 649 (1983); Snelten v. Schmidt Implement Co., 269 Ill.App.3d 988, 647 N.E.2d 1071, 207 Ill.Dec. 578, appeal denied, 163 Ill.2d 588, 657 N.E.2d 639, 212 Ill.Dec. 438 (1995). Cf. Cruse v. Coldwell Banker/Graben Real Estate, Inc., 667 So.2d 714
(Ala. 1995) (home buyers' signing an `as is' agreement did not prevent their reliance on realtor's *Page 748 
affirmative representation that house was `new')."
Russell's initial argument on appeal is that, because all implied warranties were properly disclaimed, any and all express warranties were also disclaimed. This is not the case.Id. However, we agree with Russell that the statements attributed to him, even viewed in a light most favorable to Wilson, are statements of opinion and do not rise above the level of mere sales talk or puffery. Therefore, we reverse the circuit court's judgment and remand this cause to the circuit court.
In the absence of specific findings of fact, an appellate court will presume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Baker v. Baker, 862 So.2d 659, 662
(Ala.Civ.App. 2003). There is evidence of record to support a finding that Russell made the statements attributed to him by Wilson, i.e., that the motorcycle was "mechanically fine," was "mechanically sound" except for the carburetors, and was in "good shape." The dispositive question is whether Wilson was entitled to rely upon Russell's statements despite the parties' written agreement containing the "as is" disclaimer.
To establish a cause of action for fraud, a buyer must demonstrate that a seller's statements as to the condition of the property were representations of fact and not mere statements of opinion amounting to nothing more than sales talk or mere puffery. Gable v. Boles, 718 So.2d at 70;McGowan v. Chrysler Corp., 631 So.2d 842 (Ala. 1993). InMcGowan, our supreme court stated:
 "`[S]tatements of opinion amounting to nothing more than "puffery" . . . are not statements concerning material facts upon which individuals have a right to act and, therefore, will not support a fraud claim.' Fincher v. Robinson Bros. Lincoln-Mercury, Inc., 583 So.2d 256, 259 (Ala. 1991).
 "`"Whether a given representation is an expression of opinion or a statement of fact depends upon all the circumstances of the particular case, such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties. The mere form of the representation as one of opinion or fact is not in itself conclusive, and in cases of doubt the question should be left to the jury."'
 "Harrell v. Dodson, 398 So.2d 272, 274-75
(Ala. 1981), quoting Fidelity Casualty Co. of New York v. J.D. Pittman Tractor Co., 244 Ala. 354, 358, 13 So.2d 669, 672 (1943) (citations omitted)."
631 So.2d at 846.
This court has analyzed whether statements made by the seller of a boat were sufficient to create an express warranty notwithstanding an "as is" clause in the purchase contract.Gable v. Boles, supra. In Gable, this court affirmed a trial court's judgment in favor of a buyer on the buyer's fraudulent-misrepresentation claim on the basis that, among other things, the seller's statement that the boat had been "winterized" was a representation of material fact that was sufficient to create an express warranty pursuant to § 7-2-313, Ala. Code 1975. This court held that the trial court was authorized to conclude that the seller's statement that the boat had been winterized was part of the basis of the parties' bargain and that the representation was an express warranty.Id. at 71.
In Gable, this court distinguished Scoggin v.Listerhill Employees Credit Union, 658 So.2d 376 (1995), and Osborne v. Weil, 628 So.2d 436 (Ala. 1993). InGable, this court noted that in Scoggin the seller had *Page 749 
told a buyer that a used vehicle was "`a good car'" or was "`in good shape.'" 718 So.2d at 70. In Gable, in distinguishing Scoggin and Osborne, this court discussed cases in which no representation of a material fact sufficient to create an express warranty had been made, stating:
 "[S]uch comments are not representations of material fact but a statement of opinion, `sales talk,' or `puffery.' See, e.g., Hughes v. Hertz Corp., 670 So.2d 882 (Ala. 1995) (seller's statement that vehicle was a `fine car' was not a misrepresentation of material fact but a statement of opinion); Young v. Serra Volkswagen, Inc., 579 So.2d 1337 (Ala. 1991) (statement that vehicle was `as good as a new car' constituted mere puffery); Pell City Wood, Inc. v. Forke Bros. Auctioneers, Inc., 474 So.2d 694 (Ala. 1985) (statement that trucks were `in good condition' was auctioneer's opinion and did not rise to the level of express warranty).
 "In Osborne, the parties entered into a written agreement for the sale of commercial property. In § 4B of the contract, the sellers `warrant[ed] that . . . all equipment and fixtures [were] in good working order.' 628 So.2d at 437. The contract also contained a provision stating that `[p]ersonal property is sold "as is" with no warranties.' Id. Citing O'Connor v. Scott, 533 So.2d 241 (Ala. 1988), our supreme court held that `the Weils could not base a fraud claim on the representation contained in § 4B of the contract concerning the condition of the equipment included in the sale.' In O'Connor, the supreme court indicated that such statements as `The house is in good condition' or `The house is structurally sound,' or `The appliances are in proper working order' were `statements of opinion concerning the soundness and suitability of the property,' rather than representations of fact. 533 So.2d at 243. Compare Ray v. Montgomery, 399 So.2d 230, 232 (Ala. 1980) (representation of seller that house `had good support' and was `in good condition' could not be used to contradict written `as is' and `no warranty" provisions of contract when buyers later discovered termite damage; the statements were `statements of the seller's opinion and not fact' and `[s]uch a statement is actionable only if it is a misrepresentation of material fact acted upon by the party to whom it was made')."
718 So.2d at 70-71; see also Jenkins v. Landmark Chevrolet,Inc., 575 So.2d 1157 (Ala.Civ.App. 1991) (seller's statements that automobile was in "good shape" and that seller had "checked the vehicle out" were "puffing" in that statements were at best the opinion of the salesman and did not rise to the level of an express warranty); Pell City Wood, Inc. v. ForkeBros. Auctioneers, Inc., 474 So.2d 694, 695 (Ala. 1985) (holding that representations that "`the trucks are in good condition,'" and "`the trucks are ready to work tomorrow'" were clearly an example of puffing on the part of the auctioneer in an attempt to get more money at sale and that, even if those statements were not puffing, they were mere statements of opinion and did not rise to the level of an express warranty pursuant to § 7-2-313, Ala. Code 1975).
A close review of the record, viewed in a light most favorable to Wilson, reveals that Russell made the following statements to Wilson regarding the motorcycle at issue: that it was in "good shape," that it was in "fine working order," that it was "mechanically sound," and that it was "mechanically fine." These are statements of opinion concerning the soundness and suitability of the motorcycle and are not representations of fact. Given the facts and circumstances of this case, these statements are sales talk, i.e., mere puffery, *Page 750 
and do not rise to the level of a representation of material fact required to create an express warranty pursuant to § 7-2-313, Ala. Code 1975. Gable v. Boles, supra;Scoggin v. Listerhill Employees Credit Union, supra;Osborne v. Weil, supra; Jenkins v. LandmarkChevrolet, Inc., supra; and O'Connor v. Scott,533 So.2d 241 (Ala. 1988). Accordingly, we reverse the circuit court's judgment and remand this cause to the circuit court.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., concurs in the result, without writing.
[1] On February 27, 2007, the circuit court attempted to enter an order granting in part Russell's postjudgment motion. However, the court did not have jurisdiction to enter that order and that order is therefore void. On March 29, 2007, Wilson filed a motion to set aside the court's February 27, 2007, order; however, because that order was void due to lack of jurisdiction, the motion was moot. Rule 59.1, Ala. R. Civ. P.;Rabb ex rel. Cobb v. Estate of Harris, 953 So.2d 401
(Ala. 2006).